SAMUEL B. PRICE, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11764. Promulgated September 6, 1927.

Debts held to have been ascertained to have been worthless and charged off in the taxable year.

*Samuel B. Price* pro se.

*W. F. Gibbs, Esq.,* for the respondent.

This proceeding arises from the determination by the Commissioner of a deficiency of $2,138.06 in income tax for 1920.

It is alleged that the respondent committed error in disallowing $8,307.21 claimed by the petitioner as a deduction for bad debts in 1920.

### FINDINGS OF FACT.

The petitioner is an individual residing at 1727 North Washington Avenue, Scranton, Pa.

The brother of petitioner was engaged in operating a stock ranch in South Dakota. At various times from May 24, 1909, to March 3, 1913, petitioner had loaned to his brother sums of money aggregating $5,550, and had taken promissory notes for same, some of which were secured by chattel mortgages on the ranch stock. In 1920 petitioner ascertained that his brother had given up the stock business and that the notes were worthless. He charged them off on his books of account. Some time thereafter the notes were returned to the maker.

In making out his income-tax return for 1920 petitioner deducted from his gross income $8,307.21, representing the principal sum of these notes, with accrued interest, as debts ascertained to be worthless and charged off in the taxable year.

Petitioner kept his accounts on a cash receipts and disbursements basis and no part of the amount representing interest accrued after March 1, 1913, had been treated as income in his accounts or reported by him as taxable income.

The Commissioner disallowed all of the deduction claimed.

### OPINION.

PHILLIPS: In 1920 petitioner was the holder of obligations to pay money in the principal sum of $5,550. These obligations represented loans which he had made to his brother at various times from May 24, 1909, to March 3, 1913.

In 1920 petitioner learned that his brother had met with reverses in the ranch business; that he had disposed of his stock and was working for wages; that he had lost money in a bank failure and could not meet his obligations. He also learned that the chattel mortgages on the stock had not been renewed as he had supposed

These debts were then ascertained to be worthless and charged off his books of account.

There is no question that these loans were bona fide business transactions. In 1909 the brother had undertaken the business of stock raising on a ranch in South Dakota, and the loans in question were made to assist him in establishing that business. For many years prior to 1909 petitioner had loaned him from time to time sums of money aggregating many thousands of dollars. These loans had all been repaid. When making the loans here in question due business precautions were taken to secure payment, to the extent of investigating the brother's situation and the requirement of chattel mortgages. They were not charged off his books of account until 1920, when they were first ascertained to be worthless. The disposition of the notes thereafter can not affect the character of the debts ascertained to be worthless and so charged off.

On his income-tax return in 1920 plaintiff claimed a deduction of $8,307.21 for bad debts. This sum included the principal of $5,550, and accrued interest. The petitioner kept his accounts on a cash receipts and disbursements basis and had never included in income any part of this accrued interest. The accrued interest, therefore, was not a proper deduction from gross income in 1920. *Appeal of Charles A. Collin,* 1 B. T. A. 305.

The principal sum of $5,550, representing debts ascertained to be worthless in 1920, was deductible from gross income of that year.

> *Decision will be entered on 15 days' notice, under Rule 50.*

Considered by MARQUETTE, MILLIKEN, and VAN FOSSAN.