WILBUR GLENN VOLIVA, PETITIONER, v. COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 9470.   Promulgated February 20, 1928.

*Theodore Forby, Esq.,* for the petitioner.
*Henry Ravenel, Esq.,* for the respondent.

OPINION.

MURDOCK: The petitioner claims that under section 214 (a) (7) of the Revenue Act of 1921, he is entitled to deduct the $35,000 in question as a reasonable addition to a reserve for bad debts. The Commissioner disallowed this deduction and in his deficiency notice gave the following explanation of his action:

With reference to the item of reserve for collections, etc., of leaseholds receivable of $35,000, you are advised that inasmuch as the sale of leaseholds are reported on the installment sale basis there appears to be no valid reason to allow the reserve.

In the answer to the petition the following is stated as a proposition of law:

In determining the taxable income from a particular trade or business where the accounts are kept and returns for tax purposes rendered on either cash receipts and disbursements basis or upon an installment basis, no deduction may be allowed for "a reasonable addition to a reserve for bad debts." (Section 214 (a) (7), Revenue Act of 1921.)

Thus, the petitioner was sufficiently notified that in the opinion of the Commissioner, at least, the petitioner's method of reporting income was material to the determination of the deficiency and that the deduction of this reserve was inconsistent with the petitioner's method of reporting his income from the contracts in question. Yet evidence was not introduced from which we can determine what basis the petitioner used in computing his gain or what method he used in reporting his income from these transactions. This omission may have been intentional for the argument is made in the petitioner's brief,

That any part of a debt which is not fully recoverable, may be deducted regardless of the *method of reporting earnings;* that as to method of reporting the law makes no distinction.

But in a considerable number of cases, beginning with *Appeal of Charles A. Collin,* 1 B. T. A. 305, we have pointed out certain fallacies in such an argument and we are convinced that proof of the method of reporting income is material to the determination of the question now before us.

The computation referred to in the stipulation was not set out on the return. The latter merely shows a "gross profit." We neither know how this "gross profit" was computed, nor do we know the total amounts received by the petitioner on these contracts during the year. Assuming that the "gross profit" set out in the return was the result of the computation described in the stipulation, we still are unable to understand what this "gross profit"

represents. Perhaps the difficulty with the stipulation is that it contains words such as "unearned portion of these leaseholds" and "unearned profits," which when so used, in the light of the other evidence, convey to us no meaning.

The petitioner had, for example, a vacant lot which cost him an undisclosed amount. In the year before us, he entered into an agreement with a church member whereby the latter agreed to pay $4 at once and $24 a year for four years, with the understanding that at the end of that time the petitioner would give him a lease on the property for a long time at a rent of $1 a year. If we do not know whether the petitioner reported as income any more than $4, or any more than that part of $4 which represented a profit to him, why should anything be deducted as a reserve from the amount returned? Suppose the man never pays any more money to the petitioner, can we say that the petitioner has lost anything more than a chance to make a profit? A reserve for bad debts is to anticipate a loss, not to insure future profits.

If the "gross profit" reported was computed by the cash receipts and disbursements method the petitioner would not be entitled to deduct therefrom a reserve for bad and doubtful accounts representing payments which were due him under the lease, but which had not been paid at the end of the fiscal year and which he might never collect.

If the "gross profit" reported on the return was computed on the basis of an installment sale, so that it represented or should have represented that proportion of the installment payments actually received in that year which the total profit realized or to be realized when the payment was completed bore to the total contract price, then since, so far as we know, the total contract price was all profit and each payment therefore all profit, we hold that the reserve was not a proper deduction. It is not necessary in this case to decide and we do not decide whether in general an addition to a reserve may ever or never be deducted from income reported on the basis of installment sales. Neither is it necessary to discuss the question of the reasonableness of the amount of the reserve set up, or whether the transaction in fact amounted to a sale.

Whatever the petitioner's method of reporting his income was in fact, and regardless of what he might be entitled to deduct if his method had been sufficiently proven nevertheless, under the evidence, we are unable to say that the action of the Commissioner was erroneous and the weight of the evidence, which is free from obscurity, tends to support the action of the Commissioner.

*Judgment will be entered for the respondent.*