## HAXTON v. UNITED STATES.
### No. 140.

District Court, W. D. New York.
Nov. 18, 1939.

Albrecht, Maguire & Mills, of Buffalo, N. Y. (Edward N. Mills, of Buffalo, N. Y., of counsel), for plaintiff.

George L. Grobe, U. S. Atty., of Buffalo, N. Y., Robert M. Hitchcock, Asst. U. S. Atty., of Dunkirk, N. Y., of counsel), for defendant.

KNIGHT, District Judge.

In July, 1926, one Radley purchased 200 shares of U. S. Gypsum common stock. The partnership of Haxton & Son, of which the plaintiff was a member, advanced the money for the purchase of the stock and held the stock as collateral to the purchase price paid by the co-partnership. The loan was guaranteed by the plaintiff individually.

On April 25, 1927, plaintiff and Radley entered into a written agreement, reciting that the stock was purchased by the plaintiff for Radley, that plaintiff agreed to carry the stock "for a term of not to exceed five years from the date of purchase," and Radley agreed to pay annually the difference in interest of the amount of the cash dividends received on said stock, and at the end of five years if the stock had not been sold it was to be taken over by Haxton, or it might be sold and the loss was to be paid by Radley. It is to be noted that the agreement recites that the stock was purchased by Haxton. It appears, however, that the purchase price was paid by the co-partnership and charged to the account of Radley. It is thought that it makes no difference what the fact was in this respect, since plaintiff guaranteed the loan. The stock was held at all times by the bank till sold. To this was added 97 shares received as dividends and 148 shares purchased on rights. The purchase price of the stock was $32,195. Two hundred shares were sold by the partnership in September, 1931; 100 shares in February, 1932, and 145 shares in March, 1932. Crediting Radley's account with the amount received from the sale of the stock together with cash dividends in miscellaneous amounts, there then

# 507

remained outstanding a balance of $30,055.96, of which $11,209.35 is represented as accrued interest. This balance was charged on the books of the co-partnership to the plaintiff. Interest on the loan was charged annually in the partnership books and the dividends and the proceeds of the stock sold were credited annually.

In plaintiff's income tax return for the fiscal year ending August 31, 1933, plaintiff deducted from his gross income the aforesaid sum of $30,055.96 as a bad debt. This deduction was disallowed and a deficiency tax on account thereof assessed against the plaintiff in the sum of $2,988.61. On July 1, 1936, upon demand of the Collector of Internal Revenue, plaintiff paid this deficiency tax of $2,988.61, and on August 31, 1936, paid the further sum of $496.21 on account of interest on said deficiency tax. Thereafter plaintiff filed a claim for refund and brought this action to recover the sum of $3,484.82.

Section 23(j) of the Revenue Act of 1932, 26 U.S.C.A. § 23(k), provides that "Debts ascertained to be worthless and charged off within the taxable year" shall be allowed as a deduction.

It is the claim of the government that the loss should have been ascertained in 1932 and charged off at that time. It is further claimed that in any event the accrued interest is not deductible.

◼ The question of the application and the interpretation of the aforesaid statute has arisen many times. Jones v. Comm'r, 7 Cir., 38 F.2d 550; Duffin v. Lucas, 6 Cir., 55 F.2d 786; Helvering v. Ames, 8 Cir., 71 F.2d 939. "The first inquiry is whether or not the taxpayer did in fact ascertain a debt to be worthless in the year for which deduction is sought; then, whether the taxpayer acted in good faith. * * * The real question is not when did the debt become worthless, but when did the taxpayer ascertain it to be worthless." Moore v. Comm'r, 2 Cir., 101 F.2d 704, 706. The tax payer can not arbitrarily say he first ascertained a debt to be worthless in a certain year. He is allowed a reasonable degree of latitude, but this claim will not avail him where he is in a position to know and should have ascertained that the debt was worthless. In other words, the tax payer must act in good faith, and "the burden rests on the taxpayer to show that he had substantial reason to believe that eventually payment—partial, at least—of the obligation would be made." Blair v. Comm'r, 2 Cir., 91 F.2d 992, 994.

◼ Radley was in the employ of the aforesaid co-partnership from 1918 continuously until 1929 when he entered into business for himself as dealer in produce. He continued in such business until August, 1933, when he was thrown into bankruptcy by creditors other than the plaintiff. While in business for himself, he annually engaged in a joint venture with the partnership in the purchase and sale of farm products. Plaintiff testified that in 1932 this joint venture alone had a business in excess of $100,000. The test is not whether Radley was insolvent in 1932. It is sufficient to justify the withholding of a deduction in 1932 if Radley was financially able to pay any part of the indebtedness. In other words, if Radley had any assets available to creditors, the debt would not have been worthless.

◼ There are certain proved facts which lend some strength to the claim of the government, but it seems to me these are outweighed by others. Radley throughout all 1932 was engaged in a substantial business. There is nothing to show that any creditors were pressing at that time. The co-partnership advanced to him large sums of money in its joint venture with him. He was incurring obligations. This stock had just been sold. It is reasonably certain plaintiff knew Radley could not pay his debt in full then, but it seems reasonable that the partnership was nursing him along with the idea that he sometime would be able to pay them. Plaintiff then had reason to believe they sometime would be paid on the debt. Under the conditions shown, he was entitled to the reduction in the amount of the face of the debt.

◼ The next question is whether any reduction can be allowed on account of the interest on the debt. It is true that plaintiff never reported any interest on this indebtedness as income, and it is obvious that a tax payer can not take a deduction as a loss where the interest has not been reported as income. But the situation is different here than as though the plaintiff carried this debt as his own. He guaranteed the loan. The loan was carried by the partnership, and the partnership charged the interest annually, credited the dividends and sale price to Radley and the partnership reported annually the interest as income. The interest accrued to the partnership and

508

under these undisputed circumstances, the interest deduction is allowable.

The cases cited by the government, (Appeal of Charles A. Collin, 1 B.T.A. 305, Poor v. Comm'r, 11 B.T.A. 781, and Crosby v. Comm'r, 27 B.T.A. 1234), are not comparable for the reason that in none of these cases was any interest paid.

Plaintiff is entitled to judgment in the sum of $3,484.82, with interest from July 1, 1936.

Findings of Fact and Conclusions of Law may be submitted and taken as and for a part of this opinion.