Jack Shapiro v. Commissioner.
Shapiro v. Commissioner
Docket No. 77699.
United States Tax Court
T.C. Memo 1961-118; 1961 Tax Ct. Memo LEXIS 227; 20 T.C.M. (CCH) 579; T.C.M. (RIA) 61118; April 28, 1961
Jack Shapiro, pro se. Leon M. Kerry, Esq., for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: Respondent determined the following deficiency and additions to tax in the petitioner's income tax for the calendar year 1954 as follows: Additions to Tax
Sec. 294
Sec. 294
Deficiency
(d)(2)
(d)(1)(A)
$564.24
$108.34
$167.02
*229 The issues for decision are: (1) Whether the petitioner is entitled to a business bad debt deduction for fees billed to a client, where the petitioner, who reports his income on the cash basis, never included such fees in his income; and (2) Whether the respondent correctly determined that the petitioner owes an addition to his tax for failing to file a declaration of estimated tax under section 294(d)(1)(A) of the Internal Revenue Code of 1939. Findings of Fact Some of the facts have been stipulated and are hereby found as stipulated. During the year 1954, the petitioner, Jack Shapiro (hereinafter referred to as Shapiro) was self-employed as a consulting engineer. Petitioner filed his Federal income tax return for the taxable year 1954, with the district director of internal revenue, Lower Manhattan, New York. In reporting his income for Federal income tax purposes, petitioner used the cash receipts and disbursements method of accounting. Petitioner performed professional services for Electro Engineering Corporation, Chicago, Illinois, for which he billed the client $1,840 in 1953. This amount was never paid to the petitioner and has never been included in the petitioner's *230 income for Federal income tax purposes. Petitioner determined that this fee became totally uncollectible in 1954, and accordingly he claimed a bad debt deduction in the amount of $1,840 on his Federal income tax return for that year. The petitioner had gross income in excess of $699 in all years from 1950 through and including 1954. Petitioner did not file a declaration of estimated tax for 1954. The failure to file this declaration of estimated tax was due to willful neglect and not due to reasonable cause. Opinion The respondent has conceded error with respect to the addition to tax under section 294(d)(2) of the 1939 Code. Issue 1 The issue involved is whether petitioner, who is a cash basis taxpayer, may deduct, as a bad debt, fees which had not at any time been included in taxable income. It is petitioner's contention that even though the amount of the bad debt deduction, $1,840, was never included in his income, he is nevertheless entitled to a bad debt deduction under the provisions of section 166(a)(1) [1] of the 1954 Code. Petitioner also contends that section 1.166-1(e), Income Tax Regulations, [2] is invalid because it nullifies the *231 explicit provisions of section 166(a)(1). In effect, petitioner contends, the regulation attempts to legislate, seeks to amend the statute and seeks to add to the statute a requirement for previous inclusion in income. To support his determination, respondent relies on section 1.166-1(e), Income Tax Regulations, [3] and numerous case citations. [4] Respondent contends that an additional reason for disallowing the deduction is to prevent a different tax burden between accrual method and cash receipts and disbursements method taxpayers. Respondent points out that, to allow the deduction *232 to both taxpayers would in effect place a greater tax burden on the accrual method taxpayer, who accounted for such receivable during the year whether payment was received or not, than on the cash method taxpayer who never accounted for such item since is was never received. We agree with the respondent. Section 166(a)(1) provides that there shall be allowed as a deduction any debt which becomes worthless within *233 the taxable year. However, section 166(b) [5] goes further and provides a rule for determining the amount of the deduction. Referring to sections 1011 [6] and 1012, [7] the adjusted basis of petitioner's debt is cost. Since there is no evidence that petitioner furnished any consideration, and since the amount of the debt was never included in income, the adjusted basis or cost to petitioner is zero and this is the amount of his deduction. The respondent's determination is accordingly sustained. *234 With regard to petitioner's attack on the regulations, it is well settled that respondent's regulations must be regarded as valid, unless unreasonable or inconsistent with the statute. They constitute a contemporaneous construction of the statute by those charged with its administration and will not be disturbed or overruled except for weighty reasons. Commissioner v. South Texas Co., 333 U.S. 496, 501 (1948); Fawcus Machine Co. v. United States, 282 U.S. 375, 378 (1931); Brewster v. Gage, 280 U.S. 327 (1930). We find nothing unreasonable in the regulation nor any inconsistency with the statute. Issue 2 The second issue is whether the respondent correctly determined an addition to petitioner's tax for failing to file a declaration of estimated tax under section 294(d)(1)(A)[8] of the 1939 Code. *235 Section 58(a))2) of the 1939 Code provides that every individual shall make a declaration of his estimated tax for the taxable year if his gross income from sources other than wages can reasonably be expected to exceed $100 for the taxable year and his gross income to be $699 or more. According to petitioner's 1954 Federal income tax return and his oral testimony, all of his income during 1954 was from sources other than wages and his gross income was greatly in excess of $699. The evidence shows that petitioner had gross income in excess of $699 for the years 1950 through 1954. Petitioner testified that he was aware that there was a duty to file a declaration of estimated income. He testified that it was his understanding that if such income is determinable, such estimation must be filed, but where it is not determinable, it cannot be filed. Petitioner also testified that it was purely coincidental that his income for the years 1950 through 1954 were in such a close range. Section 58 requires the declaration if it can reasonably be expected that gross income will exceed $699 and income from sources other than wages will exceed $100. It is to be noted that absolute accuracy of estimation *236 is not required as petitioner seems to think. In view of this record, we have found as a fact that petitioner's failure to file a declaration of estimated income was due to willful neglect and not due to reasonable cause. According the respondent's determination is sustained. Decision will be entered for the respondent except with respect to his determination of an addition to tax under section 294(d)(2). Footnotes
1. SEC. 166. BAD DEBTS. (a) General Rule. - (1) Wholly worthless debts. - There shall be allowed as a deduction any debt which becomes worthless within the taxable year. ↩
2. § 1.166-1 Bad debts. * * *
(e) Prior inclusion in income required. Worthless debts arising from unpaid wages, salaries, fees, rents and similar items of taxable income shall not be allowed as a deduction under section 166 unless the income such items represent has been included in the return of income for the year for which the deduction as a bad debt is claimed or for a prior taxable year.↩
3. See footnote 2.↩
4. Palmer Hutcheson, 17 T.C. 14, 19 (1951); Bush Terminal Building Co., 7 T.C. 793, 812 (1946); W. L. Moody Cotton Co., 2 T.C. 347 (1943), affd. 143 F. 2d 712 (C.A. 5, 1944); Oscar T. Crosby, 27 B.T.A. 1234, 1237 (1933); John H. Wourms, 25 B.T.A. 671 (1932); Harry F. Harper, 20 B.T.A. 143, 154 (1930); Charles K. Beekman, 17 B.T.A. 643 (1929); Henry V. Poor, 11 B.T.A. 781 (1928), affd. 30 F. 2d 1019 (C.A. 2, 1929); Wilbur Glenn Voliva, 10 B.T.A. 911 (1928), affd. 36 F. 2d 212 (C.A. 7 1929); Samuel B. Price, 7 B.T.A. 1237 (1927); Charles A. Collin, 1 B.T.A. 305↩ (1925).
5. SEC. 166. BAD DEBTS. * * *
(b) Amount of Deduction. - For purposes of subsection (a), the basis for determining the amount of the deduction for any bad debt shall be the adjusted basis provided in section 1011 for determining the loss from the sale or other disposition of property. ↩
6. SEC. 1011. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS. The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis (determined under section 1012 or other applicable sections of this subchapter and subchapters C (relating to corporate distributions and adjustments), K (relating to partners and partnerships), and P (relating to capital gains and losses)), adjusted as provided in section 1016. ↩
7. SEC. 1012. BASIS OF PROPERTY - COST. The basis of property shall be the cost of such property, except as otherwise provided in this subchapter and subchapters C (relating to corporate distributions and adjustments), K (relating to partners and partnerships), and P (relating to capital gains and losses). The cost of real property shall not include any amount in respect of real property taxes which are treated under section 164(d) as imposed on the taxpayer.↩
8. SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT. * * *
(d) Estimated Tax. - (1) Failure to file declaration or pay installment of estimated tax. - (A) Failure to File Declaration. - In the case of a failure to make and file a declaration of estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 percentum of each installment due but unpaid, and in addition, with respect to each such installment due but unpaid, 1 per centum of the unpaid amount thereof for each month (except the first) or fraction thereof during which such amount remains unpaid. In no event shall the aggregate addition to the tax under this subparagraph with respect to any installment due but unpaid, exceed 10 per centum of the unpaid portion of such installment. For the purposes of this subparagraph the amount and due date of each installment shall be the same as if a declaration had been filed within the time prescribed showing an estimated tax equal to the correct tax reduced by the credits under sections 32 and 35.↩