FAWCUS MACHINE COMPANY *v.* UNITED STATES.

No. 40. Argued December 12, 1930.—Decided January 5, 1931.

Mr. *James S. Y. Ivins,* with whom *Messrs. Kingman Brewster* and *Felix T. Smith* were on the brief, for petitioner.

Mr. *Claude R. Branch,* Special Assistant to the Attorney General, with whom *Solicitor General Thacher, Assistant Attorney General Rugg,* and *Messrs. Lisle A. Smith, H. Brian Holland,* and *Erwin N. Griswold* were on the brief, for the United States.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

Certiorari was granted to the Court of Claims to review a judgment in favor of the United States in an action to recover an alleged overpayment of excess profits tax for the calendar year 1919. The petitioner, a corporation, kept its books and made its returns of income and excess profits taxes on the accrual basis. In its return for the year ended December 31, 1919, it did not deduct from invested capital any amount on account of income and excess profits taxes for 1918 assessed and paid in 1919.

The Commissioner of Internal Revenue determined that the invested capital for 1919 should be reduced by the amount of income and profits taxes for 1918, as of the dates in 1919 when the instalments of taxes fell due and were paid. To accomplish this he computed an average deduction for the year 1919, and diminished the earned surplus as of January 1, 1919, by subtracting from it the amount so ascertained.

The Commissioner's action was in accordance with Article 845 of Treasury Regulations 45, promulgated April 17, 1919, applicable to the Revenue Act of 1918. The pertinent portion follows:

"federal income . . . taxes are deemed to have been paid out of the net income of the taxable year for which they are levied."

Section 326 (a) of the Revenue Act of 1918 provided that "as used in this title the term 'invested capital' for any year means . . . :

(1) Actual cash bona fide paid in for stock or shares;

(2) Actual cash value of tangible property, other than cash, bona fide paid in for stock or shares, . . . ;

(3) Paid-in or earned surplus and undivided profits; not including surplus and undivided profits earned during the year;"

Petitioner asserts that Article 845 was based on the erroneous assumption that income taxes are payable out of the net income of the taxable year for which they are levied.

The United States replies that it is, and since 1914 it has been, required that a taxpayer shall keep his books and make his returns on a basis which will reflect true income; that while the taxes for any year are not payable until the following year, good accounting practice requires an accrual of them as a liability of the current year's business; and that the regulation in question was not only reasonable, but necessary for proper administration of the Revenue Act.

The position of the Government is sound. A corporation cannot claim to have accumulated any net income in any year until provision is made for taxes accrued, based on net income for the same year.

The reasonableness of the regulation is further shown by the fact that " invested capital " was merely a legislative definition of an element in the formula prescribed for computation of excess profits tax. Congress might have expressly declared that taxes should be excluded from invested capital. It did not do so in § 326 (a), or elsewhere in the act. The regulations were made pursuant to express authority (see § 1309 of the Revenue Act of 1918). They are valid unless unreasonable or inconsistent with the statute. *United States* v. *Grimaud*, 220 U. S. 506, 517–518; *International Ry. Co.* v. *Davidson*, 257 U. S. 506, 514. They constitute contemporaneous construction by those charged with the administration of the act, are for that reason entitled to respectful consideration, and will not be overruled except for weighty reasons. *United States* v. *Moore*, 95 U. S. 760, 763; *Brewster* v. *Gage*, 280 U. S. 327, 336.

Petitioner insists that Article 845 is unreasonable as applied to 1918 taxes; that no one could know what those taxes would be at the close of the year, because the so-

called Revenue Act of 1918 was not passed until February, 1919, and made changes in the rates. But the 1917 act was in force, and required the payment of the same sort of taxes, and petitioner concedes it accrued its taxes for 1918 and set them up in a reserve at the end of the year. The Act of 1918 was retroactive and replaced the prior act of October 3, 1917, and taxpayers understood that the policy of the United States with respect to income and profits tax was continuous. In February, 1919, the Treasury promulgated Decision 2791, applicable to the 1917 Act, and in substance the same as Article 845, which was issued under the 1918 Act on April 17, 1919. The taxes in question were provided for by an act passed in February, 1919, but they were for the year 1918. The act was passed in ample time to allow the taxpayer to readjust its accounts for that year by including these taxes; and, since its books were kept on an accrual basis, it was necessary that this should be done in order clearly to reflect the income for 1918.

*United States* v. *Woodward*, 256 U. S. 632, on which petitioner relies, is clearly distinguishable on the grounds stated in *United States* v. *Anderson*, 269 U. S. 422, 441.

We cannot hold that the regulation on which the Commissioner relied was unreasonable or in conflict with the provisions of the statute. The judgment is

*Affirmed.*