## POSTAL MUT. INDEMNITY CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 11205.

Circuit Court of Appeals, Fifth Circuit.

Feb. 22, 1945.

Rehearing Denied April 19, 1945.

584

O. D. Brundidge, of Dallas, Texas, for petitioner.

Maryhelen Wigle, Sewall Key, and Robert N. Anderson, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., J. P. Wenchel, Chief Counsel, and John W. Smith, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

This is an appeal by petitioner for review, and involves deficiencies in income tax for the years 1937, 1938 and 1939.

The question presented: Was the taxpayer, a mutual insurance company, exempt from taxation as a "casualty" company within the meaning of Sec. 101(11) of the Revenue Act of 1936 and identical provisions of the Revenue Act of 1938 and the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, § 101(11)?

Statutes and Regulations: Revenue Act of 1936, c. 690, 49 Stat. 1648:

"Sec. 101. Exemptions from tax on corporations.

"The following organizations shall be exempt from taxation under this title—

\* \* \* \* \* \* \*

"(11) Farmers' or other mutual hail, cyclone, casualty, or fire insurance companies or associations \* \* \* the income of which is used or held for the purpose of paying losses or expenses; \* \* \*."

The provisions of Sec. 101(11) of the Revenue Act of 1938, c. 289, 52 Stat. 447, and the Internal Revenue Code 26 U.S.C.A. Int.Rev.Code, § 101, are identical.

The Treasury promulgated Regulations 103 under the Internal Revenue Code:

"Sec. 19.101 (11)-1. Farmers' or other mutual hail, cyclone, casualty, or fire insurance companies or associations.— \* \* \*.

"The term 'casualty' as used in Section 101(11) is limited to those forms of indemnity insurance providing for payment of loss or damage to property or personal injury to third persons resulting from accidents or some such unanticipated contingency other than fire or the elements, and does not include indemnity from loss through accident resulting in bodily injury to, or death of, the insured."

Article 101(11)-1 of Treasury Regulation 101, promulgated under the Revenue Act of 1938, and Article 101(11)-1 of Treasury Regulations 94, promulgated under the Revenue Act of 1936, are identical.

It is without dispute that after the Treasury Regulation which defined the term "casualty," with which we are now concerned, Section 101(11) was twice reenacted by the Congress, and without any change of wording whatever. We may, therefore, conclude that the Treasury definition was written into the statute. Helvering v. R. J. Reynolds Tobacco Co., 306 U.S. 110, 59 S.Ct. 423, 83 L.Ed. 536. Moreover, when measured by the authorities, it is manifest that the administrative ruling constituted a reasonable and fair interpretation of the statute. United States v. Kirby Lumber Co., 284 U.S. 1, 3, 52 S.Ct. 4, 76 L.Ed. 131; Fawcus Machine Company v. United States, 282 U.S. 375, 378, 51 S.Ct. 144, 75 L.Ed. 397; Brewster v. Gage, 280 U.S. 327, 336, 50 S.Ct. 115, 74 L.Ed. 457; Boske v. Comingore, 177 U.S. 459, 470, 20 S.Ct. 701, 44 L.Ed. 846.

After September 30, 1937, taxpayer was authorized to write any kind of insurance which could lawfully be written in Texas, except life insurance. During all the time material hereto, the taxpayer operated a mutual insurance company, and from and after September 30, 1937 operated under the provisions of Articles 4860a—1 to 4860a—19, inclusive, of Vernon's Texas Civil Statutes. It continued to write health and accident, as well as other kinds of insurance permitted by the statutes, from September 1937 and through the years 1938 and 1939.

To avail itself of the exemption provided by the statute, the taxpayer had to bring itself within the precise letter of the legislative grant, and the statute is sub-

ject to a strict construction. Warren Telegraph Company v. Commissioner of Internal Revenue, 6 Cir., 128 F.2d 503, 506; American Liberty Pipe Line Co. v. Commissioner of Internal Revenue, 5 Cir., 143 F.2d 873. Cf. Employers' Liability Assurance Corporation v. Merrill, 155 Mass. 404, 29 N.E. 529; 11 C.J. p. 30.

The taxpayer failed to carry this burden and was not exempt from taxation as a "casualty" company within the intendment of Section 101(11) of the applicable Revenue Act. The fact stipulation shows without dispute that the majority of its business during the taxable years here under consideration consisted of providing protection against the accidental injury of its own insureds. Taxpayer can take nothing from the Texas statutes or authorities, since Congress established its own criteria, and the State law may control only when the tax act by express language and necessary implication makes it dependent upon State law. Burnet, Commissioner of Internal Revenue v. Harmel, 287 U.S. 103, 53 S.Ct. 74, 77 L.Ed. 199; Lyeth v. Hoey, Collector of Internal Revenue, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410.

There is abundant evidence to show that the taxpayer did not bring itself within the exemptions of Section 101(11), and the judgment of the Tax Court is affirmed.