**J. I. CASE CO. v. UNITED STATES.**
No. 46128.

Court of Claims.
May 6, 1946.

J. Marvin Haynes, of Washington, D. C. (Clark M. Robertson, of Milwaukee, Wis., and Robert H. Montgomery, of Washington, D. C., on the brief), for plaintiff.

J. A. Rees, of Washington, D. C., and Sewall Key, Acting Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHITAKER, Judge.

This suit involves plaintiff's right to deduct from its income for the first ten months of 1937 certain ad valorem taxes paid in 1938.

Prior to 1937 plaintiff made its income tax returns on a calendar year basis. On September 10, 1937, it asked permission to file its future returns on the basis of a fiscal year ending on October 31. This permission was granted by the Commissioner of Internal Revenue.

In its return for the ten-month period ending October 31, 1937, plaintiff deducted the aggregate of the amounts which each month it had set up on its books for Wisconsin realty and personalty taxes for the year 1937. The Commissioner of Internal

Revenue disallowed any deduction on account of these taxes from the income for this ten-month period. The propriety of his action is the issue in the case.

Section 23 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 23, provides in part:

"In computing net income there shall be allowed as deductions:

\* \* \* \* \* \*

"(c) Taxes generally.

"(1) Allowance in general. Taxes paid or accrued within the taxable year \* \* \*."

■ The Wisconsin taxes were not paid within this ten-month period, which was the taxable year, and we are of opinion that they did not accrue within that period. It was not until November 12, 1937, that the taxes for the city of Milwaukee were levied. On that date the Common Council of the city levied the city taxes and fixed the city tax rate at $24.45 for each $1,000 of assessed valuation. It was not until November 23, 1937, that the Milwaukee County Board levied the 1937 county taxes and directed the apportionment of them and the State taxes among the towns, cities and villages in Milwaukee County. Not before this action had been taken by the city and by the county did liability for the taxes accrue. Commissioner v. Patrick Cudahy Family Co., 7 Cir., 102 F.2d 930; Allen, Collector, v. Atlanta Stove Works, Inc., 5 Cir., 138 F.2d 452. Cf. Dixie Pine Products Co. v. Commissioner, 320 U.S. 516, 64 S.Ct. 364, 88 L.Ed. 270.

It is true that prior thereto a number of preliminary steps had been taken to determine the amount of taxes to be collected. On June 28, 1937, the assessors had met with the Tax Commissioner and determined upon the assessments to be made against real and personal property. On July 6 the Board of Review held hearings on these assessments, and on September 27 the Common Council approved the assessment rolls. However, notwithstanding all this, this taxpayer would not have been liable for any taxes for this year if subsequently the Common Council and the Milwaukee County Board had not fixed the tax rate and made the levy. Hence, it cannot be said—speaking in a technical sense at least—that the taxes had accrued prior to the dates that these levies were made.

This was the holding of the 7th Circuit Court of Appeals in the case of Commissioner v. Patrick Cudahy Family Co., cited above, and for this reason the court allowed no deduction for taxes for the calendar year from income for the fiscal year ending on June 30 of the calendar year.

■ However, although we agree that the taxes had not accrued within this ten-month period, we are nevertheless of opinion that the taxpayer's income for that period cannot be truly reflected, as required by section 41 of the Code, 26 U.S.C.A. Int.Rev.Code, § 41, unless a deduction is allowed for the proportionate part of the taxes levied for the calendar year. Fawcus Machine Co. v. United States, 282 U.S. 375, 51 S.Ct. 144, 75 L.Ed 397; Allen, Collector, v. Atlanta Stove Works, Inc., supra; Commissioner v. Schock, Gusmer & Co., Inc., 3 Cir., 137 F.2d 750; Atlantic Coast Line Railroad Co. v. Commissioner, 4 T.C. 140.

The Supreme Court in Fawcus Machine Co. v. United States, supra, held that income taxes levied by the Revenue Act of 1918, 40 Stat. 1057, should be deducted, "in order clearly to reflect the income for 1918," [282 U.S. 375, 51 S.Ct. 145] notwithstanding the fact that the Act levying them had not been passed until February 1919. It said that "taxpayers understood that the policy of the United States with respect to income and profits tax was continuous," and that "the Act was passed in ample time to allow the taxpayer to readjust its accounts for that year by including these taxes; and, since its books were kept on an accrual basis, it was necessary that this should be done in order clearly to reflect the income for 1918."

So in the case at bar the taxpayers in Wisconsin knew that ad valorem taxes were assessed against realty and personalty every year and that they would be for the year in question. The only thing that was not known was the amount of them, but this amount was determined, as in the Fawcus case, in ample time to allow the plaintiff to adjust its accounts for this ten-month period by including 10/12ths of the taxes for the entire calendar year. In order to clearly

reflect the income for this period the proportionate part of the taxes for the calendar year must be deducted.

This opinion is in line with that of Allen, Collector, v. Atlanta Stove Works, supra [138 F.2d 453]. The Circuit Court of Appeals in that case was of opinion that the taxes had accrued within the period for which the return was made in that case because the valuation of the property and the fixing of the tax rate had occurred within that period; "but," the court said, "we prefer to say that when by a shift from a fiscal year to a calendar year basis a short term return becomes necessary, the net income for that short term is not clearly or truly reflected, as is required by Section 43, either by a deduction of all the annual taxes within the short term, or outside of it, but by a fair apportionment of this annual charge to the income producing period. Good accounting practice would so require. * * * But the United States is seeking, by the provisions of Section 43, to get a fair picture of the net income of its taxpayer for the period covered by the return. When the return covers a full year, no question of apportionment would ordinarily arise. When a short term return becomes necessary, as here, we think as a rule apportionment ought to be allowed * * *." See also Commissioner v. Schock, Gusmer & Co., supra, and Atlantic Coast Line Railroad Co. v. Commissioner, supra.

■ A taxpayer in every State of the Union except Wisconsin, Washington, and Minnesota has the right to so apportion his taxes. The same rule should apply everywhere. The Circuit Court of Appeals for the 5th Circuit and for the 10th Circuit and the Tax Court apply it. We are of opinion it should be applied in the case at bar.

■ The taxpayer originally sought to deduct the amount it set up on its books from month to month, based upon its estimate of what these taxes would be; in other words, it sought to deduct a reserve for taxes. This it is not entitled to do.

The Revenue Act permits a taxpayer such as this one to deduct only certain reserves, such as those for bad debts and for depreciation and depletion, but not for taxes. He is not entitled to deduct any reserve not provided for by statute, and the statute makes no provision for the deduction of a reserve for taxes. Brown v. Helvering, 291 U.S. 193, 201, 54 S.Ct. 356, 78 L.Ed. 725. See especially 291 U.S. at pages 201–202, 54 S.Ct. at page 360. See also the cases digested in C. C. H. (1946) pp. 2861–2869.

■ The plaintiff is not entitled to deduct these amounts, notwithstanding the provisions of section 41 of the Code, which provides that—"The net income shall be computed * * * in accordance with the method of accounting regularly employed in keeping the books of such taxpayer. * * *" This section cannot be construed to mean that a taxpayer is entitled to a deduction not allowed by the Act merely because it set up such a deduction on its books. Its method of accounting must clearly reflect its net income, as those words are defined by the Act; it cannot do so if it includes a deduction from gross income for which there is no provision in the Act. Cf. Brown v. Helvering, supra.

The taxpayer now recognizes that it is not entitled to deduct the amount set up on its books, but only 10/12ths of the amount of the taxes actually levied for the calendar year 1937. This is $111,826.84. The deduction originally claimed by the taxpayer was $112,563.18.

The parties agree that if the above amount of $111,826.84 was properly deductible, there has been an overpayment of tax of $45,327.70, and interest of $4,866.20. We are of opinion that plaintiff is entitled to recover these amounts. Judgment will be entered for the sum of $50,193.90, with interest as provided by law. It is so ordered.

MADDEN, Judge, took no part in the decision of this case.