**VALLEY FORGE PRODUCTS, INC.,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

Civ. A. No. 18733.

United States District Court
E. D. New York.

May 24, 1961.

Katz, Feit & Perlman, New York City, by Sydney O. Perlman and Charles Feit, New York City, of counsel, for plaintiff.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., by Richard T. Mulcahey, United States Department of Justice Tax Division, Washington, D. C., of counsel, for defendant.

RAYFIEL, District Judge.

The plaintiff sues under Sec. 1346(a) (1) of Title 28 U.S.Code, to recover certain manufacturer's excise taxes which, it claims, were illegally and erroneously collected from it for the taxable years October 1, 1950 to September 30, 1954.

The facts, which were stipulated by the parties, are as follows:

The plaintiff, a corporation organized in 1935 under the laws of the State of New York, has since been engaged in the business of manufacturing and jobbing automobile parts both in the domestic market and for export. It manufactured some of the parts itself and purchased others from domestic manufacturers. These latter it either repacked for sale under its label, as a jobber, or used as component parts of articles which it manufactured. Some of the parts which it purchased were sold in the domestic market, others were exported for sale in foreign markets, and still others, used as component parts of articles assembled or manufactured by the plaintiff, were sold either domestically or for export. The parts purchased by it during the period in question were not identified, labeled or earmarked as items for export, nor were they segregated in any way when placed in the plaintiff's general stock of goods.

The plaintiff paid the excise tax required by Sec. 3403(c) of the Internal Revenue Code of 1939 (26 U.S.C., 1952 Ed., Sec. 3403(c)) to the vendors from whom it purchased parts.

During the period in question the plaintiff reported an excise tax liability pursuant to Sec. 3403(c), supra, on all of its domestic sales, computed on the selling prices. It did not report any tax liability on foreign sales. However, the plaintiff, in its returns, claimed a credit for the excise taxes which it had paid to its vendors for the parts which it had purchased from them and resold.

Representatives of the Director of Internal Revenue conducted an examination and audit of the plaintiff's books and records for the period in question and determined that it was not entitled to the credit which it had taken against its own admitted tax liability for the tax which it had paid to manufacturers from whom it had purchased parts which it had sold in foreign markets. The Director assessed a deficiency tax of $18,-276.44 against the plaintiff, consisting of

$15,831.22 in taxes and $2,445.24 for interest thereon.

The plaintiff paid the entire deficiency and then filed two claims for refund, one for the tax and the other for the accrued interest. These claims were rejected but on subsequent review it was determined that the plaintiff was entitled to a refund of $935.68, plus interest of $357.64, or a total of $1,293.32. This refund was made to the plaintiff which thereafter commenced this action for the recovery of the remainder of $16,983.14.

The plaintiff concedes that as a manufacturer of automotive parts its sales are subject to the excise tax imposed by Sec. 3403(c), supra. It points out, however, that under Sec. 2705 of the Internal Revenue Code of 1939 (26 U.S.C. 1952 Ed., Sec. 2705) articles sold for export are exempt from this tax.

That section provides:

"Under such rules and regulations as the Commissioner with the approval of the Secretary may prescribe, the tax imposed under Section 2700(a) shall not apply in respect of articles sold or leased for export or for shipment to a possession of the United States and in due course so exported or shipped. Under such rules and regulations the amount of any internal revenue tax erroneously or illegally collected in respect of such articles so exported or shipped may be refunded to the exporter or shipper of the articles, instead of to the manufacturer, if the manufacturer waives any claim for the amount so to be refunded."

The plaintiff contends that the Treasury regulations promulgated by the Commissioner to implement this section, namely, 46, (1940) Sections 316.25 and 316.26, as applied to the plaintiff's business, are so unreasonable, harsh and inequitable as to be unenforceable. Those regulations read as follows:

"Sec. 316.25. Sales for export.— (a) To exempt from tax a sale for export it is necessary that two conditions be met, namely, (1) that the article be identified as having been sold by the manufacturer for export and (2) that it be exported in due course.

"(b) An article will be regarded as having been sold by the manufacturer for export if the manufacturer has in his possession at the time title passes or at the time of shipment (whichever is prior), (1) a written order or contract of sale showing that the manufacturer is to ship the article to a foreign destination or (2) where delivery by the manufacturer is to be made within the United States, a statement from the purchaser showing (i) that the article is purchased to fill existing or future orders for delivery to a foreign destination; or that the article is purchased for resale to another person engaged in the business of exporting who will export the article, and (ii) that such article will be transported to its foreign destination in due course prior to use or further manufacture and prior to any resale except for export.

"(c) The written order or contract of sale or the statement referred to in (1) and (2) of the preceding paragraph suspends liability for the payment of the tax by the manufacturer on such sales for export for a period of six months from the date when title passes or the date of shipment, whichever is prior. If within such period the manufacturer has not received and attached to the order or contract, or statement, proper 'proof of exportation' (see section 316.26), then the temporary suspension of the liability for the payment of the tax ceases and the manufacturer shall include the tax on the sale of such article in his return for the month in which such 6-month period expires.

"(d) The exemption provided herein is limited to sales by the manufacturer for export and is not

applicable in cases where sales of taxable articles are made from a dealer's stock for export even though actually exported."

"Sec. 316.26. Proof of exportation.—(a) Exportation may be evidenced by (1) a copy of the export bill of lading issued by the delivering carrier, or (2) a certificate by the agent or representative of the export carrier showing actual exportation of the article, or (3) a certificate of landing signed by a customs officer of the foreign country to which the article is exported, or (4) where such foreign country has no customs administration, a statement of the foreign consignee showing receipt of the article.

"(b) In any case where the manufacturer is not the exporter, such manufacturer must have in his possession a statement from the person to whom he sold the article stating that the article was in fact exported in due course by him or was sold to another person who in due course exported the article. This statement must state what evidence is available to show that the article was in fact exported in due course prior to use or further manufacture and prior to resale in the United States other than for export. Such evidence must be that described in (a) (1), (2), (3), or (4) in this section, and the statement must show where such evidence is readily available for inspection by Government officers.

"(c) In all cases the sales records together with the evidence of exportation must be preserved by the manufacturer for a period of at least four years from the last day of the month following the sale, and must be readily accessible for inspection by internal revenue officers.

"(d) In any case where the manufacturer does not have in his possession within the 6-month period, proof of exportation as outlined herein, the manufacturer must pay the tax involved. If proof of exportation later becomes available, a claim for refund of any tax paid may be filed on Form 843, or a credit may be taken upon any subsequent monthly return, but such action must be taken within the 4-year period of limitation prescribed by section 3313."

These regulations were originally applicable to the tax on firearms as provided for in Sec. 2700(a) of the Internal Revenue Code of 1939 (26 U.S.C. 1952 Ed., Sec. 2700(a)), and provided a means whereby the Government could ascertain and keep track of firearms exported from the United States. This tax on firearms was extended to automobile parts, etc., by Sec. 3449 of the Internal Revenue Code of 1939 (26 U.S.C. 1952 Ed., Sec. 3449) which states as follows:

"All provisions of law (including penalties) applicable in respect of the taxes imposed by section 2700 shall, insofar as applicable and not inconsistent with this chapter, be applicable in respect of the taxes imposed by this chapter."

The plaintiff argues that the application of these regulations to *its* business, with its inventory of over 3,000 different small items, is unreasonable and burdensome, and an over-extension of the regulations as originally promulgated, and would require the maintenance of records so extensive and complex as to militate against the profitable operation of its business. It asserts that under the regulations it would be required, when ordering articles from manufacturers, to state which parts were ordered for export, and their destination. This requirement, it says, would not only demand "clairvoyant omniscience" but would require the disclosure of its overseas customers to manufacturers who might be or become its competitors.

I disagree. In my opinion the regulations in question are not unreasonably harsh and burdensome. They provide a suspension of liability for the tax for a period of six months from the date when title passes or the date of shipment, whichever is prior. If proof of exporta-

tion is not supplied within this period, the plaintiff thus has a period of six months from the date of the purchase to actually ship the automobile parts for export.

I question that compliance with the regulations requires the plaintiff to possess intuitive knowledge or particular sagacity, or that he has to be clairvoyant to have reasonably accurate knowledge as to how much merchandise it will export, and its destination. It is the general practice for business men to project their requirements for future periods, and then to base their purchases and other commitments on such estimates. The regulations require little more. Nor do I believe that plaintiff's disclosure of the destination of the parts which it purchased from manufacturers would have the dire and disastrous results which plaintiff fears. The plaintiff undoubtedly has competition in all of its foreign markets from other manufacturers and jobbers.

Counsel has not cited, nor has our research disclosed, a case based on facts similar to the one at bar. However, the Supreme Court in the case of Fawcus Machine Co. v. United States, 282 U.S. 375, said at page 378, 51 S.Ct. 144, at page 145, 75 L.Ed. 397:

"The regulations were made pursuant to express authority (see section 1309 of the Revenue Act of 1918). They are valid unless unreasonable or inconsistent with the statute. U. S. v. Grimaud, 220 U.S. 506, 517–518 [31 S.Ct. 480, 55 L.Ed. 563]; International Ry. Co. v. Davidson, 257 U.S. 506, 514 [42 S.Ct. 179, 66 L.Ed. 341]. *They constitute contemporaneous construction by those charged with the administration of the act, are for that reason entitled to respectful consideration, and will not be overruled, except for weighty reasons.* U. S. v. Moore, 95 U.S. 760, 763 [24 L.Ed. 588]; Brewster v. Gage, 280 U.S. 327, 336 [50 S.Ct. 115, 74 L.Ed. 457]." (Emphasis mine.)

That principle is applicable to the case at bar. The regulations involved herein, promulgated by the Treasury Department, are entitled to the "respectful consideration" of this Court, and should not be overruled unless there are "weighty reasons" therefor. I find none.

Having found that the plaintiff's contentions are without merit I need not consider the second point in the Government's brief, namely, that the plaintiff is not a *manufacturer* and has not shown the waiver of claim required by Sec. 2705, supra.

Judgment is granted in favor of the defendant dismissing the complaint herein.

Submit proposed findings of fact, conclusions of law and judgment in conformity herewith.