**Lavere C. SENFT, Administrator of the Estate of Elmer J. Writer, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 7102.**

United States District Court
M. D. Pennsylvania.

Jan. 9, 1962.

Harry J. Rubin, of Cohen, Senft & Rubin, York, Pa., for plaintiff.

John B. Jones, Jr., Acting Asst. Atty. Gen., Edward S. Smith, Jerome Fink, Richard W. Perkins, Attorneys, Department of Justice, Washington, D. C., Bernard J. Brown, U. S. Atty., Scranton, Pa., for defendant.

FOLLMER, Judge.

Lavere C. Senft, Administrator of the Estate of Elmer J. Writer instituted his action for a refund of estate tax paid by the estate by reason of the disallowance of a claim of the estate that it was entitled to a "charitable deduction" from the gross estate of the portion thereof which escheated to the Commonwealth of Pennsylvania. Cross motions for summary judgment have been filed. The parties have executed a stipulation covering the pertinent facts.

Plaintiff's decedent, Elmer J. Writer, died intestate, a resident of York County, Pennsylvania, on May 23, 1957. At the time of his death, there were no relatives within the degrees of consanguinity entitled to take under the Intestate Laws of Pennsylvania. Accordingly, under the Act of April 24, 1947, § 3, 20 P.S. § 1.3 (6), which provides "In default of all persons hereinbefore described, then to the Commonwealth of Pennsylvania," the estate descended to the Commonwealth of Pennsylvania.

Section 2001 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 2001, provided for an estate tax "on the transfer of the taxable estate, determined as provided in section 2051, of every decedent, * * *." Section 2051 provided that "For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate the exemption and deductions provided for in this part."

Plaintiff claims that he is entitled to a deduction from the gross estate for the amount escheating to the Commonwealth of Pennsylvania by reason of Section 2055 (Transfers for public, charitable, and religious uses), the pertinent portion of which is:

"(a) In general.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate *the amount of all bequests, legacies, devises, or transfers* (including the interest which falls into any such bequest, legacy, devise, or transfer as a result of an irrevocable disclaimer of a bequest, legacy, devise, transfer, or power, if the disclaimer is made before the date prescribed for the filing of the estate tax return)—

"(1) to or for the use of the United States, *any State*, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes;

"(2) to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, * * *." (Emphasis supplied.)

The Revenue Act of 1916 (39 Stat. 777) while containing a Federal estate tax provision did not, under the allowable deductions from gross estate, contain anything covering transfers for public, charitable or religious uses. Section 403(a) (3) of the Revenue Act of 1918 (40 Stat. 1096) did allow a deduction from the gross estate of "bequests, legacies, devises, or *gifts*, to or for the use of the United States, any State * * * for exclusively public purposes * * *." (Emphasis supplied.) The Revenue Act of 1921 (42 Stat. 277) substituted for the word "gift" the word "transfer" so that the Revenue Act of 1921 and the subsequent Revenue Acts down to the Internal Revenue Code of 1954 (Section 2055, supra) contained the language "bequests, legacies, devises, or *transfers*." (Emphasis supplied.)

The pertinent regulation under the Internal Revenue Code of 1954 is: (26 CFR 20.2055–1)

"Deduction for transfers for public, charitable, and religious uses; in general.

"(a) General rule. A deduction is allowed under section 2055(a) from the gross estate of a decedent who was a citizen or resident of the United States at the time of his death for the value of property included in the decedent's gross estate and transferred by the decedent during his lifetime or by will—

"(1) To or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes."

The defendant points out that "The regulations in question have been a part of our estate tax law since July 27, 1922, when regulations 63 were promulgated under the Revenue Act of 1921. Since that time, the applicable statutory provision has been repeatedly re-enacted without change relevant to the instant case."

Plaintiff in his argument likewise concedes that "Oddly enough, this language in the regulation itself has a history almost as old as the statutory language. Regulations 37 under the Revenue Act of 1918 contained nothing on the subject of deductions; but Regulations 63 (approved July 27, 1922) under the Revenue Act of 1921, article 47, stated that a deduction would be allowed for the value of property transferred 'by will' or by the decedent in his lifetime in contemplation of or intended to take effect in possession or enjoyment at or after his death. Identical language appeared in Regulations 68 (approved March 26, 1925), article 44, under the Revenue Act of 1924 and in Regulations 70 (approved August 24, 1926), article 44 under the Revenue Act of 1926. Not surprisingly, similar language appeared in Regulations 81 § 81.44, under the Internal Revenue Code of 1939 and were carried over as first quoted above into the 1954 Code regulations."

In Commissioner of Internal Revenue v. Sternberger's Estate, 348 U.S. 187. 75 S.Ct. 229, 99 L.Ed. 246, the proceedings involved Section 812 of the Internal Revenue Code of 1939 (originally Section

403(a) (3) of the Revenue Act of 1918 and later Section 2055 of the Internal Revenue Code of 1954 now before us) and the pertinent Regulation 81.44 (Regulation 20.2055(1), supra) and the Supreme Court there said, "We find the answer in the Treasury Regulations, which are of long standing and strengthened by reenactments of I.R.C., § 812(d), since their promulgation." In Commissioner of Internal Revenue v. South Texas Lumber Co., 333 U.S. 496, 68 S.Ct. 695, 92 L. Ed. 831, the Court likewise pointed out "This Court has many times declared that Treasury regulations must be sustained unless unreasonable and plainly inconsistent with the revenue statutes and that they constitute contemporaneous constructions by those charged with administration of these statutes which should not be overruled except for weighty reasons. See, e. g., Fawcus Machine Co. v. United States, 282 U.S. 375, 378 [51 S.Ct. 144, 145, 75 L.Ed. 397]."

Plaintiff contends that "By substituting 'transfers' for 'gifts', Congress was providing the widest possible scope for deduction in order to effectuate a policy of relieving from tax transfers of property designed to enhance the public welfare." This contention of plaintiff is not borne out by the legislative history [1] which shows clearly that the substitution of the word "transfer" for the word "gift" was intended to narrow the applicability of the deduction provision and is in accord with the Treasury Regulation, which has consistently interpreted the statutory provision, which Congress has reenacted in the successive Internal Revenue Codes. In Taft v. Commissioner of Internal Revenue, 1938, 304 U.S. 351, page 357, 58 S.Ct. 891, page 894, 82 L.Ed. 1393, in speaking of this very section of the Revenue Act (Section 303 (a) (3) of the Revenue Act of 1926, 26 U.S.C.A.Int.Rev.Acts), the Supreme Court made the pertinent comment, "We must assume that Congress was familiar with the construction put upon the section by the Treasury and was satisfied with it."

Property escheating to the Commonwealth by operation of law and passing to the Commonwealth under the Intestate Act cannot be construed as property "transferred by decedent during his lifetime or by will * * * to or for the use of * * * any State * * *."

Plaintiff argues that decedent's intestacy should be construed as expressing an intent that the estate was to pass to the Commonwealth. He states, "The suggested requisite intent is found sufficiently in the principle that no man is deemed to be ignorant of the legal consequences of his acts; and to hold that Elmer Writer would have had to execute

---

1. "Hearings Before The Committee On Finance, United States Senate, Sixty-seventh Congress, First Session, on H.R. 8245 * * * September 1–October 1, 1921 (Hearings of September 14, 1921, Page 287)

"DR. ADAMS. Page 144, line 21. This deals with deductions. You authorize deductions on account of bequests, legacies, devises, or gifts. That word 'gift' has been misused, and for reasons which I have already given; the only gifts which should be affected are gifts in contemplation of death. Therefore, the only gifts which should be deducted are gifts in contemplation of death. You have got to subtract from the gross estate. The thing should be in there from which to subtract it.

"The amendment suggested is this: On line 21 strike out the words 'or gifts' and insert the following: 'or transfers, except bona fide sales for a fair consideration in contemplation of or intended to take effect in possession or enjoyment at or after the decedent's death.' That sort of thing should be deducted.

"Senator CURTIS. You used the words 'fair consideration.' In most States the word 'reasonable' is used.

"Senator GERRY. Let me have that again, please.

"DR. ADAMS. The thought is this: Why should you give a man a deduction from the gross estate of gifts? What kind of gifts do you mean? The only gift that should go in there is a gift that is taxable.

"Senator GERRY. I had reference to the wording.

"DR. ADAMS. The wording follows the designation of the kind of gift, as shown in the statute. You should use the same language."

a will to accomplish what he was able to do more simply under the intestate laws if he wanted to avoid estate tax hardly seems sensible." Actually, one is inclined to believe that such a situation arises most frequently by reason, among others, of indifference, deferring the making of a will, ignorance of the law or failure to appreciate the limitations on the degree of consanguinity for inheriting. Certainly we are not justified in guessing. As stated in Commissioner of Internal Revenue v. Sternberger's Estate, supra (Footnote 3), "The purpose of the deduction is to encourage gifts to the named uses. * * * Like other tax deductions, however, it must rest on more than a doubt or ambiguity." Equally applicable here is the comment of the Supreme Court in Taft v. Commissioner of Internal Revenue, supra (304 U.S. pages 358 and 359, 58 S.Ct. page 895):

"The petitioner urges that all of the revenue acts have granted liberal deductions in respect of income tax and estate tax for contributions to charitable and educational purposes. He says that if the benefactions in question had been made in the form of bequests or gifts to take effect at death there would be no question of the right to the claimed deductions. He urges, therefore, that we should adopt a liberal construction of the Act to effectuate the intent of Congress even though the payments in question do not fall within the strict meaning of the words used. But we are not permitted to speculate as to the reasons why the policy evidenced with respect to other forms of gift was not extended to claims upon promises enforceable by state law. We are bound to observe the alterations made in the successive acts which, in the plain meaning of the language employed, exclude deduction of enforceable claims of the sort here involved, even though the case be a hard one. The testatrix was bound to bring her transactions within the letter of the statutory provisions and the regulations at the risk that noncompliance might deprive her estate of tax immunity as respects the pledges."

The plaintiff's motion for summary judgment must therefore be denied. The motion for summary judgment by defendant must be granted. Since the claim for refund includes some items other than the above the parties have agreed that "Upon decision of this case the judgment will be held in abeyance in order to permit the parties to recompute the proper amount thereof." No final judgment will be entered with this Opinion. The parties are directed to submit a proper order in accordance with this Opinion.