M. H. ALWORTH TRUST, M. W. ALWORTH AND R. D. ALWORTH, TRUSTEES, DULUTH, MINNESOTA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101628.   Promulgated May 5, 1942.

*H. A. Dancer, Esq.,* and *Frank W. Wilson, C. P. A.,* for the petitioner.

*Jonas Smith, Esq.,* for the respondent.

1046

OPINION.

TURNER: In so far as material to the conclusion we here reach, there is no dispute between the parties as to the facts. Due to its practice of distributing to its stockholders in each year an amount admittedly in excess of its earnings and profits, the Royal Mineral Association began the year and closed the year with no accumulated earnings or profits. In other words, it distributed the entire amount available for distribution as dividends, and a determination of the amount so available is a determination of the amount of dividends distributed. In arriving at the amount available in 1937 for distribution as dividends, both parties have started with taxable net income and the only question between them is whether taxable net income is to be reduced by the income tax accrued against said income but not paid until 1938, or by income tax paid in 1937, which tax had accrued in 1936 on earnings and profits realized and distributed in 1936. If the Royal Mineral Association had other liabilities or any receivables as of the close of 1937, no point is made by either party with respect thereto.

It is apparently the contention of the respondent that the earnings and profits available for distribution as dividends in any given year are limited to the earnings and profits reflected by the books, whether kept by the cash receipts and disbursements method or the accrual method, and that outstanding liabilities not shown on the books under the method of accounting used are not to be taken into account. We

find nothing in the statute nor in the decided cases to justify that conclusion, but, to the contrary, it has been held that, in determining the amount of earnings and profits available for distribution as dividends under the income tax acts, the books of account and entries thereon are not conclusive, but that facts outside the books not only may be shown but under certain circumstances and where necessary must be shown. *Edwards* v. *Douglas*, 269 U. S. 204, and *Dorothy Whitney Elmhirst*, 41 B. T. A. 348.

As a general proposition of law, dividends are distributable only out of net profits. *Mobile & Ohio Railroad* v. *Tennessee*, 153 U. S. 486, pp. 496–498. See also the discussion in Fletcher Cyclopedia Corporations, vol. II, sec. 5339. The purpose of this rule is to prevent the impairment of capital, and in section 5329 of the above mentioned volume of Fletcher three reasons therefor are stated as follows:

\* \* \* Firstly, to permit the payment of dividends out of capital would work a fraud on creditors of the corporation, who have overextended credit on the faith of its capital stock. Secondly, each stockholder is entitled to have the capital stock preserved unimpaired for the purpose of carrying out the object for which the corporation was formed. Thirdly, the capital stock is a trust fund for the security of creditors, and cannot be withdrawn or diverted to their prejudice.

To permit the distribution of gross earnings and profits without making allowance for outstanding obligations would leave such obligations as a charge on capital regardless of the method by which the corporation keeps its books and reports its income for Federal income tax purposes, and any method of accounting which reflects an amount of earnings and profits as being available for distribution as dividends in excess of net earnings and profits actually existing must under general corporation law give way to realities and can not control. We think it follows that in determining gains or profits available for distribution as dividends, as the term "dividend" is generally defined, accrued but unpaid taxes must be taken into account.

Here, however, we are dealing with dividends as defined by Congress, and if the statute has varied or modified the meaning of the word, the statute is controlling according to its terms. In acts prior to the Revenue Act of 1936, the term "dividend" was defined as "any distribution made by a corporation to its shareholders, whether in money or other property, out of its earnings or profits accumulated after February 28, 1913." Certainly there is nothing in that definition to indicate that Congress had in mind any limitation or change in the commonly accepted meaning of the term "dividend", except to exclude distributions from earnings or profits accumulated prior to February 28, 1913. Furthermore, it did not limit dividends to distributions from net income, because certain

items of income excluded by the various income tax statutes from gross income are included in earnings and profits available for distribution as dividends, an example being interest received on tax exempt securities. In the Revenue Act of 1936, section 115 (a), Congress expanded the definition of dividends to include distributions "out of earnings or profits of the taxable year (computed as of the close of the taxable year without diminution by reason of any distributions made during the taxable year), without regard to the amount of the earnings and profits at the time distribution was made." Accordingly, the date for determining the existence and amount of earnings and profits of a particular year available for distribution as dividends was shifted from the date during the year on which the distribution was made to the close of the year. In so far, however, as determination of the question here is concerned, no other change in the prior definition of the term "dividend" or in its commonly accepted meaning under general corporation law is indicated.

Except for the provisions that only distributions made from earnings and profits accumulated after February 28, 1913, are dividends for income tax purposes, and that the earnings and profits of any particular year available for distribution as dividends be determined as of the last day of the year, we find nothing in the statute to indicate that Congress intended in its use of the term "earnings and profits" to depart from the commonly accepted meaning thereof under general corporation law. As we have previously noted, distribution of the entire earnings and profits of a corporation without taking into account an outstanding liability would leave that liability as a charge on capital, regardless of the method by which the corporation keeps its books and to the extent thereof the distribution would impair capital and would not be a dividend. We accordingly conclude that the earnings and profits of the Royal Mineral Association at December 31, 1937, must be reduced by the liability for income and excess profits taxes outstanding thereon in order to determine the amount of earnings and profits available for distribution as dividends. *Hadden* v. *Commissioner*, 49 Fed. (2d) 709.    *Decision will be entered under Rule 50.*