**HELVERING, Com'r of Internal Revenue, v. ALWORTH TRUST et al.**

No. 12517.

Circuit Court of Appeals, Eighth Circuit.

July 12, 1943.

Warren F. Wattles, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and L. W. Post, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

H. A. Dancer, of Duluth, Minn. (E. W. MacPherran and J. E. Montague, both of Duluth, Minn., on the brief), for respondent.

Before THOMAS and JOHNSEN, Circuit Judges, and VOGEL, District Judge.

THOMAS, Circuit Judge.

This case is presented on a petition of the Commissioner of Internal Revenue to review a decision of the United States Board of Tax Appeals, now the Tax Court, reversing the Commissioner's determination of a deficiency in respondent's income tax for 1937. 46 B.T.A. 1045.

The facts found by the Board giving rise to the controversy are not in dispute. The taxpayer, a testamentary trust, is a stockholder of the Royal Mineral Association, a Minnesota corporation, hereinafter referred to as the corporation. The Commissioner and the taxpayer do not agree as to what portion of the distributions made by the corporation to its stockholders during the taxable year 1937 constitutes taxable dividends within the meaning of the Revenue Act of 1936, c. 690, 49 Stat. 1648, 26 U.S.C.A. Int.Rev.Acts, page 813, and Treasury Regulations 94. The corporation has no interest in the controversy. The stockholder alone is interested as an income taxpayer.

The corporation owned certain mineral interests in the Mesaba Range in Minnesota. In each year of its existence it distributed to its stockholders all of its net earnings for the year and substantial amounts from depletion reserves. As a result no earned surplus was ever carried over from one year to the next. The record does not indicate, nor is it claimed, that the corporation's capital was impaired either at the beginning of or at any time during the taxable year.

The corporation's taxable net income for 1937 was $464,033.94, on which the income tax paid in 1938 was $92,552.88. In 1937 it paid an income tax in the amount of $30,606.76 on its income for 1936.

During 1937 the taxpayer received distributions from the corporation in the sum of $218,070. In its income tax return it computed that of this amount the sum

of $111,444.24 comprised taxable dividends. The Commissioner determined that $130,028.60 of the $218,070 was made up of taxable dividends and increased the amount reported by the taxpayer from that source by $18,584.36 and thereby determined an income tax deficiency of $5,289.66.

The difference between the two methods of computation is that in determining the corporation's 1937 earnings or profits available for distribution as dividends to its stockholders the taxpayer deducted from the net income of the corporation for that year the federal income tax imposed upon the 1937 income, although payable and paid in 1938, while the Commissioner deducted the 1936 tax payable and paid by the corporation in 1937.

The corporation kept its books and filed its income tax returns on the cash receipts and disbursements basis; and in the petition on appeal to the Board it appears that the taxpayer kept its books and made its returns in the same way.

The decision of the Board sustained the method of computation used by the taxpayer on the theory that in determining earnings and profits available for distribution as dividends taxes on current income must be taken into account, regardless of the method by which the corporation keeps its books, because, since the corporation had no accumulated earnings or profits at the beginning of the year, such an outstanding liability is a charge on capital.

Section 22(a) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 825, provides that: " 'Gross income' includes gains, profits, and income derived from * * * dividends * * *." Section 22(d) provides that "Distributions by corporations shall be taxable to the shareholders as provided in section 115." Section 115(a), 26 U.S.C.A. Int.Rev.Acts, page 868, reads, "The term 'dividend' * * * means any distribution made by a corporation to its shareholders, * * * (2) out of the earnings or profits of the taxable year * * *."

Article 115—1 of Regulations 94 provides that: "A taxable distribution made by a corporation to its shareholders shall be included in the gross income of the distributees when the cash or other property is unqualifiedly made subject to their demands." Article 115—3 provides that: "In determining the amount of earnings or

profits * * * due consideration must be given to the facts * * *."

The taxpayer does not contend, nor does the Board in its opinion take the position, that the distributions made by the corporation to the taxpayer in 1937 did not consist, to the extent. claimed by the Commissioner to be taxable, entirely of 1937 earnings and profits of the corporation. The sole contention is that in determining the amount of its taxable dividends the taxpayer may subtract from those earnings and profits the income tax imposed thereon by the government, although not accrued on its books by the corporation. The one case in support of this contention cited by the taxpayer is that of Hadden v. Commissioner of Internal Revenue, 2 Cir., 49 F.2d 709, 712. The decision in that case supports the holding of the Board in this case; but the lack of reasoning there renders that case of little help here. After stating that "the court is concerned with ascertaining · the amount of real earnings and profits which are available for distribution to stockholders", the opinion proceeds: "There appears to be no sound reason why the current earnings or profits should not first be reduced by the amount of the tentative tax · in determining the amount of the current * * *· earnings available for distribution of dividend."·

The case of Fawcus Machine Co. v. United States, 282 U.S. 375, 51 S.Ct. 144, 145, 75 L.Ed. 397, is also relied upon as an authority by the taxpayer. The problem in that case was to determine the amount of the corporation taxpayer's invested capital for 1919, and the question was whether the earned surplus as of January 1, 1919, should be diminished by subtracting from it the amount of income and excess profits taxes for 1918. The corporation kept its books and made its returns on the accrual basis, and the court said, "A corporation cannot claim to have accumulated ·any net income in any year until provision is made for *taxes accrued,* based on net income for the same · year." (Italics supplied.) The decision is not in point in the instant case because in the cited case the corporation was on an· accrual basis and because dividends to stockholders were not involved.

■ The stockholder's duty under § 115(a) · to include in his gross income as. dividends distributions of earnings and profits received from a corporation on a cash basis is not altered by the fact that the corporation in the ensuing year may be compelled for some unforeseen reason to pay its taxes out of capital. The stockholder cannot know or take advantage of such a situation in his income tax return until the event occurs or the liability accrues. The Board in its opinion reads into the statutory definition of "dividend" the general law relating to the right of a corporation to declare dividends. Section 115(a) does not refer to the power of a corporation to distribute its earnings to its stockholders; that section relates only to what the stockholder must include in his "gross" income.

■ The contention of the taxpayer, sustained by the decision of the Board, imputes to Congress an intent to exempt from taxation dividends paid to stockholders from current earnings or profits during a taxable year to the extent that the tax on the corporation's income for the taxable year exceeds its income tax for the preceding year, unless at the close of the taxable year the corporation has an earned surplus or a reserve sufficient to pay such taxes when levied and payable in the succeeding year. For, applying the rule to stockholders in a corporation on a cash basis whose income tax varies in amount from year to year, the excess of income tax on the corporation's income in one year over its income ·tax in the preceding year will be exempt to the stockholders from income taxes to the extent of such excess. In ·the instant case the difference between $92,552.88 and $30,606.76, or $61,946.12, of the earnings distributed by the corporation in 1937, although actually received by the stockholders during the taxable year, would be exempt from ·federal income taxes. The taxpayer's theory grafts upon the statute a condition· or limitation based upon the assumption that Congress in providing ·that a taxable dividend "means any distribution made by a corporation to its shareholders * * * out of the earnings or profits of the taxable year" implied the condition: "if there are such earnings or profits remaining after deducting federal taxes for the taxable year." To read into the statute such an implied condition is equivalent to amending it; and neither the Board nor this court can so amend the Act. Congress alone has power to do so.

The purpose of the Revenue Act of 1936 was to require returns that clearly reflect taxable income. That purpose will not be achieved unless distributions made by a corporation and received by its stockholders are treated consistently. It was not the purpose of the Act to permit gross income actually received by the stockholder to be diminished by taxes neither accrued nor paid by the corporation in the taxable year, even though imposed upon the earnings of that year. The purpose of the Act can be accomplished in such a case only by using the method of computation followed by the Commissioner in this instance.

For the foregoing reasons the decision of the Board is reversed.