*Decision will be entered under Rule 50.*

ESTATE OF HAROLD M. LEHMAN, DECEASED, CECILE S. LEHMAN, ALLAN S. LEHMAN, MONROE C. GUTMAN, AND HERBERT H. LEHMAN, EXECUTRIX AND EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2455. Promulgated November 15, 1944.

*Isidor Sack, Esq.,* for the petitioner.
*Arthur Groman, Esq.,* for the respondent.

326

OPINION.

ARUNDELL, *Judge*: The sole question presented for decision is the taxability of certain distributions of the Lehman Corporation received by petitioner as a shareholder of that corporation between July 7 and October 9, 1936. The controversy arises because of a change in the definition of dividends in the Revenue Act of 1936.

The Revenue Act of 1934 defined dividends as distributions by a corporation out of earnings or profits accumulated after February 28, 1913. Sec. 115 (a).[1] The Revenue Act of 1936 provided in effect that distributions out of earnings or profits of the current taxable year would be regarded as taxable dividends even though the distributing corporation had a preexisting deficit. Sec. 115 (a).[2] The Revenue Act of 1936, by virtue of section 1 thereof, is applicable "only to taxable years beginning after December 31, 1935." [3]

The distributions with which we are concerned were made in a period from July 7 to October 9, 1936. That period was a part of the corporation's fiscal year ended June 30, 1937. The petitioner's fiscal year ended October 31, 1936. The narrow question is whether the definition of dividends contained in the Revenue Act of 1936 is applicable so as to render taxable dividends received by petitioner in a year not subject to that act. It is clear from the evidence, and is not disputed, that the corporation had earnings or profits for the fiscal year ended June 30, 1937, in excess of distributions made to stockholders during that year, but that the corporation had no "earnings or profits accumulated after February 28, 1913." *Mason* v. *Routzahn*, 275 U. S. 175.

Under the definition of the 1936 Act applicable to the corporation's taxable year, the corporation could and did pay a "dividend." This is not denied. Petitioner argues, however, that section 22 of the 1934 Act, applicable to its fiscal year, provided that distributions

---

[1] SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

(a) DEFINITION OF DIVIDEND.—The term "dividend" when used in this title (except in section 203 (a) (4) and section 207 (c) (1), relating to insurance companies) means any distribution made by a corporation to its shareholders, whether in money or in other property, out of earnings or profits accumulated after February 28, 1913.

[2] SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

(a) DEFINITION OF DIVIDEND.—The term "dividend" when used in this title (except in section 203 (a) (3) and section 207 (c) (1), relating to insurance companies) means any distribution made by a corporation to its shareholders, whether in money or in other property, (1) out of its earnings or profits accumulated after February 28, 1913, or (2) out of the earnings or profits of the taxable year (computed as of the close of the taxable year without diminution by reason of any distributions made during the taxable year), without regard to the amount of the earnings and profits at the time the distribution was made.

[3] SEC. 1. APPLICATION OF TITLE.

The provisions of this title shall apply only to taxable years beginning after December 31, 1935. Income, war-profits, and excess-profits taxes for taxable years beginning prior to January 1, 1936, shall not be affected by the provisions of this title, but shall remain subject to the applicable provisions of prior revenue Acts, except as such provisions are modified by legislation enacted subsequent to this Act.

by a corporation are taxable to shareholders as provided in section 115 of that act; that section 115 of that act excluded from the definition of dividends such distributions as here received; and that, therefore, as to it, the distributions are not includible in taxable income.

We can see no answer to petitioner's contention. Clearly the 1936 Act had no application to the taxable year here under consideration. Section 1 of that act expressly states that income taxes for taxable years beginning prior to December 31, 1935, *"shall not be affected* by the provisions of this title * * *."* The taxability of income received in the fiscal year ended October 31, 1936, is to be determined solely under the 1934 Act, under the provisions of which distributions out of current earnings or profits, where the distributing corporation had an accumulated deficit greater than the earnings or profits, were not includible in the income of recipient. It follows as a necessary conclusion that the distributions here in controversy are not taxable to petitioner.

This was the position taken by the Commissioner in G. C. M. 18602, C. B. 1937-2, p. 134. In that memorandum, in answer to a question presenting facts substantially identical with those of the present proceeding, it was ruled that such distributions were not taxable to a shareholder whose fiscal year ended November 30, 1936, because the taxability of distributions received by him was controlled by the Revenue Act of 1934. In 1943 this ruling was revoked, apparently under a misconception as to the extent of the holding of *Edna C. Gutman*, 45 B. T. A. 836 (appeal dismissed without written opinion, C. C. A., 2d Cir., Jan. 6, 1943) ; G. C. M. 23534, C. B. 1943, p. 1030. In *Edna C. Gutman, supra*, we considered the converse situation. In that case the Lehman Corporation distributed current earnings during the last half of its fiscal year ended June 30, 1936, to shareholders on a calendar year basis. We held that the distributions were not taxable to the shareholders upon the following reasoning: The controlling statute is the Revenue Act of 1936 and the taxability of distributions must be determined by its provisions; under those provisions distributions out of earnings or profits of the taxable year are dividends; but the phrase "of the taxable year" means "of the *corporation's* taxable year" and under the definition applicable to the corporation's taxable year it could not pay a dividend. In this case, however, the only statute to be considered is the Revenue Act of 1934 and there is no justification for resort, for any purpose, to the Revenue Act of 1936, since by its provisions it was not to affect prior years. We think the rule in this regard was stated correctly in G. C. M. 18602, and that the *Gutman* case does not encroach upon it.

Respondent objects on the grounds that the corporation has received a dividends paid credit for the amount of the dividends distributed to

petitioner, and that it would be "anomalous, indeed, to hold that the corporation's distributions were dividends entitling it to a dividends paid credit, but at the same time were not taxable dividends to the stockholders receiving them." However, it is to be noted that section 115 (a) of the Revenue Act of 1936 was enacted primarily for the purpose of enabling corporations "without regard to deficits existing at the beginning of the taxable year to obtain the benefit of the dividends paid credit for the purposes of the undistributed profits surtax * * *." Senate Finance Committee Report, 74th Cong., 2d sess., p. 18. Section 27 (h) of the 1936 Act[4] offers strong evidence that Congress was not unaware of the possibility of such a situation as here exists, but chose to allow the dividends paid credit notwithstanding the fact that the dividends might not be taxable to some of the shareholders. That section, in effect, denies the dividends paid credit only if the distribution did not constitute a taxable dividend in the hands of such of the shareholders as were subject to taxation under that act. The necessary implication is that the credit is to be allowed if the distribution constitutes a dividend to stockholders governed by the 1936 Act, even though to those not governed by that act it is not taxable.

For these reasons we hold that the determination of the Commissioner was erroneous, and further that petitioner made an overpayment of tax for the fiscal year ended October 31, 1936, by reason of the inclusion in income of distributions of the Lehman Corporation in the amount of $3,500, which overpayment was made within three years prior to the filing of the claim for refund. The amount of the overpayment may readily be determined by the parties in the recomputation under Rule 50.

*Decision will be entered under Rule 50.*

---

[4] SEC. 27. CORPORATION CREDIT FOR DIVIDENDS PAID.

\* \* \* \* \* \* \*

(h) NONTAXABLE DISTRIBUTIONS.—If any part of a distribution (including stock dividends and stock rights) is not a taxable dividend in the hands of such of the shareholders as are subject to taxation under this title for the period in which the distribution is made, no dividends paid credit shall be allowed with respect to such part.