WILLIAM G. MAGUIRE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39802. Promulgated March 5, 1954.

*Francis D. Higson, Esq.*, for the petitioner.
*Joseph F. Lawless, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $281.25 in the income tax of the petitioner for 1945. The issue for decision is whether $70,241.21 which the petitioner received in 1945 from the Missouri-Kansas Pipe Line Company (herein called Mokan) was taxable as a dividend under section 115 (a) (2), Internal Revenue Code, or was a distribution in partial liquidation which must be treated as payment in exchange for the stock under section 115 (c) of the Code. The facts have all been stipulated. The stipulation and all of the exhibits in the case are adopted as the findings of fact.

The petitioner filed his individual return for 1945 with the collector of internal revenue for the first district of Illinois.

The petitioner received cash distributions in 1945 of $103,814.96 from Mokan, a corporation. Mokan kept its books on the basis of a calendar year and by an accrual method of accounting. It had an accumulated deficit in earnings or profits at the beginning of 1945 of $8,168,000.16 and had earnings or profits during the year 1945 of $1,068,208.81. It distributed to its stockholders during the year $1,578,885.41 in cash. Those distributions were not made in partial liquidation of the corporation within the meaning of section 115 (i).

The petitioner, on his return for 1945, reported $68,881.23 of the distributions received from Mokan as taxable dividends. The Commissioner, in determining the deficiency, increased the amount to $70,241.21.

The petitioner concedes that if any part of the distributions was taxable as a dividend, then the amount determined by the Commissioner is correct. He contends, however, that no part of the distributions was taxable as a dividend because the earnings for the year 1945 did not wipe out the deficit, and a corporation can not declare and pay a taxable dividend as long as it has a deficit. That contention is directly contrary to the provisions of section 115 (a) (2)[1] applicable to 1945 defining a dividend to include any distribution made by a corporation to its stockholders out of the earnings or profits of the taxable year. Congress first defined dividends to include earnings or profits of the current year in the Revenue Act of 1936. The Senate Finance Committee report (S. Rept. No. 2156, 74th Cong., 2d Sess. (1936), p. 18) declared the purpose of the expansion of the definition to be "to enable corporations without regard to deficits existing at the beginning of the taxable year to obtain the benefit of the dividends-paid credit for the purposes of the undistributed-profits surtax." The provision was not thereafter changed. The Commissioner, in his regulations, interpreted the definition to include earnings or profits of the taxable year regardless of whether the corporation had a deficit at the beginning of the year. Regs. 111, sec. 29.115–1. The argument of the petitioner in this connection is rejected. *Ratterman* v. *Commissioner*, 177 F. 2d 204. Cf. *Helvering* v. *Alworth Trust*, 136 F. 2d 812, certiorari denied 320 U. S. 784; *Edna C. Gutman*, 45 B. T. A. 836; *Estate of Harold M. Lehman*, 4 T. C. 325.

The petitioner makes the further argument that the distributions of 1945 were made in partial liquidation of the corporation and, therefore, are payments for the stock rather than taxable dividends. This same question on identical or substantially the same facts and involving the same parties, but pertaining to the petitioner's tax liability for 1944, was before this Court and decided against the petitioner in *W. G. Maguire & Co.*, 20 T. C. 20. The Commissioner pleads that the petitioner is now estopped on this contention because of the principle of res judicata. The petitioner contends that the decision in the prior

---

[1] SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

(a) DEFINITION OF DIVIDEND.—The term "dividend" when used in this chapter * * * means any distribution made by a corporation to its shareholders, whether in money or in other property, (1) out of its earnings or profits accumulated after February 28, 1913, or (2) out of the earnings or profits of the taxable year (computed as of the close of the taxable year without diminution by reason of any distributions made during the taxable year), without regard to the amount of the earnings and profits at the time the distribution was made. * * *

case was in his favor on an alternative argument and the findings and opinion of the Court on this point were obiter dicta and not binding since he had no opportunity to appeal. The question of res judicata will not be decided because we think the Court reached a correct conclusion on the point in the prior decision and we stand by that decision here.

*Decision will be entered for the respondent.*