Edward W. THOMPSON and Josephine Schofield Thompson

v.

UNITED STATES.

Douglas F. SCHOFIELD, Trustee

v.

UNITED STATES.

Ann D. SCHOFIELD, a minor, by her father, etc., Douglas F. Schofield

v.

UNITED STATES.

Douglas F. SCHOFIELD, III, a minor, by his father, etc., Douglas F. Schofield

v.

UNITED STATES.

John Bell SCHOFIELD, a minor, by his father, etc., Douglas F. Schofield

v.

UNITED STATES.

Nos. 37178–37182.

United States District Court
N. D. Ohio, E. D.

Dec. 3, 1962.

Douglas F. Schofield, Gorman, Arthur & Schofield, Cleveland, Ohio, for plaintiff.

Merle M. McCurdy, U. S. Atty., Cleveland, Ohio, for defendant.

KALBFLEISCH, District Judge.

These consolidated suits were brought by the beneficiaries of the Schofield Land Trust to recover a refund of personal income taxes paid by them for the years 1949–1955, inclusive. Both the plaintiffs and the Government have moved for summary judgment.

The Schofield Land Trust had considered itself a trust during the years in question and, as a consequence, had distributed nearly all of its annual income to the beneficiaries. Being a trust, it paid few taxes on this income; rather, the beneficiaries included the amounts they received in computing their individual income and paid taxes accordingly. In 1956 the Sixth Circuit determined that the trust, for tax purposes, was not a trust but a corporation; whereupon it became liable for taxes at the corporate rate upon all of the income it had earned in the years in question. It borrowed the amount necessary to pay these taxes, heavily mortgaging its property to do so.

There is no dispute in these cases that in any way affects or questions the tax liability of the Schofield Land Trust. Rather, the beneficiaries are contending that the amounts they received, which were equivalent to what the corporate taxes developed to be, were not really distributions of income, but were a return of corpus upon which they had no individual tax liability. These suits are attempts by the beneficiaries to recover the taxes that they paid on those dividends which they claim were, in their case, a non-taxable return of capital.

The Commissioner contests their right to make this adjustment because he contends that the trust was on a cash accounting basis. He contends that a cash basis taxpayer can only consider, in determining what were earnings dividends and what were capital dividends in any given year, the actual cash income and outlays made in that year, regardless of any additional tax determinations which later may have been assessed against those earnings. It is agreed that such an accrual is proper for an accrual basis taxpayer.

The taxpayers contend that the Trust was not on a cash basis but that, even if it was, they can accrue taxes as they seek here to do.

The central legal issue is whether a cash basis taxpayer can accrue back taxes in computing earnings and profits. If it can, it will not be necessary to determine whether the trust was on a cash or an accrual accounting basis.

Both the plaintiffs and the Government have cited numerous cases to the Court in support of their contentions concerning the permissibility of the accrual. Of the cases cited, the Government contends that those decisions which are governed by special tax statutes specifically allowing a cash basis taxpayer to accrue back taxes cannot be considered in determining whether a cash basis taxpayer can accrue back taxes under the general tax statutes. Omitting such cases, there are two decisions which are strongly in point.

The first is Helvering v. Alworth Trust, 136 F.2d 812 (8th Cir., 1943). In Alworth the taxpayer, a testamentary trust, was a stockholder in a corporation. The corporation was on a cash basis. The parties disputed the character of the dividends which the taxpayer trust received from the corporation in 1936. The taxpayer contended that it should be allowed to set off against 1936 earnings taxes on those earnings which were not computed, assessed, nor paid until 1937. This setoff, as in these cases, would have meant that all of the dividends paid to the taxpayer could not have been earn-

ings because they represented the full gross earnings before taxes. Instead, the amount which was equivalent to what the corporation later paid in taxes would have been a non-taxable return of capital. The Board of Tax Appeals allowed the accrual. The Eighth Circuit reversed, holding that, because the corporation was on a cash basis, the amount of its dividends which were income dividends, rather than capital dividends, must also have been determined on a cash basis. Aside from the general language of the tax statute, the Court gave no citation to support its determination, but did refuse to draw an analogy from a previous Second Circuit case and also refused to follow the previous decisions of the Board of Tax Appeals.

The other opinion is Drybrough v. Commissioner, 238 F.2d 735 (6th Cir., 1956), written by Justice Stewart. In that case the taxpayers had owned and controlled a corporation which, during the war, was subject to the excess profits tax. To avoid paying that tax, the plaintiffs had systematically removed some $200,000 from the corporation's income cash box and diverted it to their own use. Neither they nor the corporation ever declared it as income or paid any tax on it. When the fraud was brought to light, the individuals restored the money to the corporation. The Commissioner levied taxes against the corporation for having received this $200,000 income, which taxes were not in issue in the Drybrough case. However, he also determined that this $200,000 was income to the converting stockholders, and levied taxes on them accordingly. The taxpayers contended that the amounts they received were only personal income to the extent of any amounts which were left from the $200,000 after the corporation had paid the taxes, and that the remainder of the $200,000 was not income but a non-taxable return of capital. The Sixth Circuit agreed. It held that whether a corporation kept its accounts and made its returns on a cash or accrual basis was relevant when the taxes owed by that corporation were being computed, but that the corporation's accounting basis was not relevant in determining whether dividends paid by it were income dividends or a return of capital.

The Government strenuously contends that the Drybrough case must be distinguished from these cases because the corporation in Drybrough was insolvent, while the Schofield Land Trust is solvent. It is true that the corporation in Drybrough did not have sufficient assets to pay its tax and penalty liabilities, at least until the stockholders returned the converted funds. The Government contends that the Tax Court so distinguished Drybrough in Newark Amusement Corp. v. Commissioner, 19 T.C.M. 705 (1960). It is true that the insolvency of the corporation in Drybrough was mentioned in the Newark opinion, along with many other facts. However, a careful study of that opinion indicates that while the Tax Court specifically refused to follow Drybrough there is no clear indication that it did so because the corporation in Newark was solvent, while the one in Drybrough was insolvent. And there is nothing to indicate that the Tax Court has taken a position that a cash basis taxpayer can accrue taxes in computing earnings and profits if it is insolvent, but cannot do so if it is solvent. Counsel has been unable to present to the Court any reason why such a distinction should be made. Although it may be true, as the Government contends, that in the plaintiff's briefs before the Court of Appeals in the Drybrough case the contention was made that the accrual should be allowed because the corporation was insolvent, there is nothing in the opinion of the Court to indicate that such insolvency was the basis of the decision. Therefore, this Court cannot agree with the Government that Drybrough is distinguishable because the corporation in that case was insolvent.

The Government contends that the Drybrough decision is wrong and will be reversed if the Sixth Circuit is again presented with the issue. The Govern-

ment urges that some of the cases relied upon by the Court in the Drybrough decision had been decided under the specific statutes permitting an accrual of taxes by cash basis corporations. It also says that most of the remaining cases relied upon by the Court involved accrual basis taxpayers and therefore were inapplicable. In this contention the Government assumes the very point in issue. The fact that the cases relied upon involved accrual basis taxpayers would make a difference only if there were different rules for accrual and cash basis taxpayers. The Sixth Circuit specifically relied upon accrual basis cases because there was no difference. The Court considered the Alworth decision and commented that it was persuaded by the reasoning of the Board of Tax Appeals rather than by that of the Eighth Circuit.

The position of the Tax Court on this question has not been consistent. That Court originally adopted the plaintiffs' position Wheeler, et al. v. Commissioner, position. Wheeler, et al. v. Commissioner, 1 T.C. 640 (1943). However, after the Eighth Circuit's Alworth decision, it decided to follow that opinion. Dean v. Commissioner, 9 T.C. 256 (1947). It evidently reverted to its original position in the 1957 case of Bender v. Commissioner, 16 T.C.M. 502 (1957), where it cited Drybrough, although nothing is stated specifically in the opinion as to whether the corporation there was on a cash or accrual basis. (The long discussion does appear to indicate that it was on a cash basis.) But, whatever basis was used, in 1957 the Tax Court evidently did not contend that the accounting basis was a crucial factor, because the Court made no mention of it. In 1960, the Tax Court again adopted the Eighth Circuit's Alworth reasoning in Newark Amusement Corp. v. Commissioner, supra, where it specifically followed Alworth, rejected Drybrough, and ignored the Bender case of three years before.

The Government relies on. Commissioner v. South Texas Lumber Company,

333 U.S. 496, 68 S.Ct. 695, 92 L.Ed. 831 (1948), which affirmed the reasonableness of some of the tax regulations involved in these cases. However, the question involved in the South Texas case was not whether dividends were paid from income or from capital, but whether a corporation could manipulate its accounting system, using both cash and accrual methods, to achieve a maximum tax advantage *for itself*.

The Government also cites the Sixth Circuit case of Glenn v. Kentucky Color & Chemical Co., 186 F.2d 975 (1951). That decision merely holds that the Commissioner cannot require a taxpayer to change from one accounting system to another if the taxpayer's system accurately reflects income.

██ The Government contends that the taxpayers' position is directly contrary to the tax regulations. However, these regulations were in effect before the Tax Court's decision in Wheeler v. Commissioner, supra. In view of the conflicting positions that the Tax Court has taken on this problem, it cannot be said that that Court believed that the Government's position was the only valid one. But, whatever may have been the opinions of the Tax Court, these regulations and their similar predecessors had been in effect for at least fifteen years at the time of the Drybrough decision; and, therefore, that opinion, in the connotation of this factual situation, is controlling over any such regulations that are inconsistent with it.

The final contention of the Government is that the Commissioner has merely required the plaintiffs to pay the same taxes they would have paid if the corporation taxes had been levied and paid by the trust in the years when the trust received the income. This is not true. The income from the trust was distributed to the beneficiaries who paid personal income taxes upon all of it. The corporation later had to pay corporate taxes on the full amount. The result has been a double taxation. If, when it earned the income, there had

been a final legal determination that the trust was a corporation for tax purposes, it would have paid a corporate tax on all of that income when it was earned and would have distributed only the remainder to the beneficiaries. The beneficiaries would have paid taxes only on the amounts they received, instead of paying personal income taxes on the amounts that the Government later took in corporate taxes.

Whatever the law may be outside of the Sixth Circuit, the Drybrough case is a clear holding that the accrual sought by the plaintiffs must be allowed. This is especially true in view of the fact situations in the two cases. If taxpayers who had been convicted of deliberate tax evasion and fraud in wartime were allowed to deduct the later assessed corporate taxes and fraud penalties from the corporate gross income to determine their individual taxable incomes, as they were in the Drybrough case, clearly these taxpayers, who were guilty of no fraud and of no wrongful motive, and whose only error was in misunderstanding the tax consequences of their business situation, which error was only finally resolved by a decision of the Sixth Circuit Court of Appeals, should be entitled to no less favorable treatment.

■ The inescapable conclusion is that it makes no difference whether the corporation was on a cash or an accrual basis. Whatever accounting basis it used, the beneficiaries will be allowed to accrue corporate taxes back against corporate income, with the result that part of the dividends they received were a return of capital.

Two questions remain in dispute between the parties which the Court is of the opinion cannot be disposed of by summary judgment because genuine issues remain as to material facts. One is whether the Schofield Land Trust was on a cash accounting basis, and the other is the amount of tax refund to which the plaintiffs are entitled. This last question primarily involves a determination of the proper rate of depreciation of the trust property. If this Court is correct in its view that the law permits the accrual that the plaintiffs have sought, it will not be necessary to decide the first question, but it will be necessary to decide the second. On the other hand, if this Court is in error as to the permissibility of the accrual, then the plaintiffs will be entitled to a hearing on the first question; however, the Court is informed that in such an event it will not be necessary to determine the proper depreciation rate for the Schofield Land Trust property.

The plaintiffs' motion for summary judgment will be granted to the extent that they will be allowed to accrue their taxes regardless of whether the Schofield Land Trust was or was not on a cash basis, but the plaintiffs' motion for summary judgment will be otherwise denied. Rule 56(d), Federal Rules of Civil Procedure. The defendant's motion for summary judgment will be denied. Rule 56(c), Federal Rules of Civil Procedure.

■ This Court has reason to believe that a determination of either remaining question would involve extensive hearings on highly technical matters, requiring a considerable amount of time on the part of the Court, and large expense to the parties. In view of the fact that no matter what final decision is made on the issue of accruability it will be necessary to determine only one of the two remaining questions, both parties agree with the Court that this is an appropriate time for the use of Title 28 U.S.C.A. § 1292(b). Both parties also agree with the Court that the order to be made in this case "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal" from such order would "materially advance the ultimate termination of the litigation." Such an appeal will therefore be allowed, and further proceedings in this Court will be stayed until a determination is made thereon.