**Roy C. DEMMON and Mary Scofield Demmon (husband and wife) and Mary Scofield Demmon, Trustee U 19-1-48, Plaintiffs-Appellants,**

v.

**The UNITED STATES of America, Defendant-Appellee.**

No. 14091.

United States Court of Appeals
Seventh Circuit.

Aug. 7, 1963.

Douglas F. Schofield, of Davis, Schofield & Gorman, Cleveland, Ohio, Gerald G. Imse, of Chapman & Cutler, Chicago, Ill., for appellants.

Louis F. Oberdorfer, Asst. Atty. Gen., Richard J. Heiman, Atty., Dept. of Justice, Washington, D. C., James P. O'Brien, U. S. Atty., Chicago, Ill., Lee A. Jackson, Melva M. Graney, Attys., Dept. of Justice, Washington, D. C., for appellee.

204

Before SCHNACKENBERG and KNOCH, Circuit Judges, and GRANT, District Judge.

GRANT, District Judge.

This is an appeal from a judgment of the District Court dismissing the taxpayers' suits for refund of income taxes for the years 1949 through 1955.

Schofield Land Trust owned and operated a Cleveland, Ohio, office building. The Land Trust Agreement required the Trustee to keep certain records and to distribute to the beneficiaries the annual income remaining, after setting aside, each year, reserves required for depreciation, mortgage amortization and income taxes. Both monthly and annual statements were made to Land Trust Certificate Holders, including the plaintiffs, showing receipts, billings, disbursements and accrual data. Required reserves were also set forth, the reserve for federal income taxes being computed at trust rates.

Land Trust timely filed 1948 to 1954 fiduciary returns, Form 1041, and paid tax accordingly. However, in 1951 deficiencies were asserted, and on January 19, 1956, the Tax Court held that Land Trust was an association taxable at corporate rates and its distribution deductions were disallowed. See Estate of Scofield v. Commr., 25 T.C. 774, affirmed on this issue, 266 F.2d 154 (6th Cir., 1959). As a result of this holding Land Trust was required to pay substantial additional taxes for the years 1949 to 1955. Schofield Building was mortgaged for $420,000.00 to make these 1956 payments.

During the years in question Land Trust made distributions to its certificate holders in the following amounts:

| Year | Total Land Trust Distribution |
|------|-------------------------------|
| 1949 | $147,000 |
| 1950 | 120,000 |
| 1951 | 120,000 |
| 1952 | 138,000 |
| 1953 | 132,000 |
| 1954 | 117,000 |
| 1955 | 141,000 |

Plaintiffs, Roy C. Demmon and Mary Scofield Demmon, received one third (⅓) and Mary Scofield Demmon, as trustee, received one sixth (⅙) of all of the above distributions. Plaintiffs paid taxes on these receipts as trust distributions and now bring this claim for refund, alleging that because Land Trust was required to pay additional taxes for the years 1949 through 1955 such portion of the distributions was not from its earnings and profits, but rather, a non-taxable return of capital.

Plaintiffs contend that the earnings and profits of the Land Trust should be reduced in each year (1949–1955) by the additional taxes found due and owing for that year. Defendant counters with the argument that a cash basis corporation may not accrue unpaid taxes as a deduction from its earnings and profits.

Plaintiffs admit that in the computation of the federal income tax the Land Trust computed its income subject to tax on a cash basis. They argue, however, that from a broader view of the trust instrument, its books and records, and how they were kept, Land Trust was on a hybrid basis and that on the essential point herein, i. e., the computation of earnings and profits as a basis for making distribution to the owners of the beneficial interests, the Land Trust instrument required accrual of tax before making required distributions.

Both parties moved for Summary Judgment. Plaintiffs' Motion was denied. Defendant's Motion was granted and judgment entered for the defendant, dismissing the Complaints herein. Plaintiffs thereupon brought this appeal.

Thus we are presented with the question: whether a corporation which uses the cash receipts and disbursements method of accounting in computing its income subject to tax, may accrue federal income and excess profits taxes in computing its earnings and profits, or whether the deduction from earnings and profits must await the actual payment of the taxes due.

This question has not been passed upon in this Circuit and the authorities from other Circuits are not in agreement.

Two leading cases from neighboring Circuits point up this disagreement:

The earlier decision, Helvering v. Alworth Trust, 136 F.2d 812 (8th Cir., 1943), concerned a stockholder who received a 1937 distribution from a cash basis corporation and paid tax thereon. The Government later asserted a deficiency after disallowing the 1937 corporate tax paid in 1938 and substituting therefor the smaller 1936 tax paid in 1937. The Board of Tax Appeals held for the stockholder and allowed the accrual, citing Hadden v. Commissioner of Internal Revenue, 49 F.2d 709 (3rd Cir., 1931). The Eighth Circuit agreed that Hadden supported taxpayer, but reversed BTA without citing any other case, relying upon the general language of the tax statute.

In the later decision of Drybrough v. Commissioner of Internal Revenue, 238 F.2d 735 (6th Cir., 1956), the deficiencies had been determined against a cash basis corporation for $300,000 tax and penalty and also against its controlling stockholders for another $300,000, tax and penalty, because the stockholders had embezzled $200,000 of corporate income and had not reported it on the corporate books or tax returns. There, as here, the stockholders argued that the $300,000 corporate deficiency should be considered in computing how much of the embezzled $200,000 actually constituted taxable dividends to stockholders. The Tax Court ruled adversely to the stockholders, but the Sixth Circuit reversed, holding that corporate deficiency could be considered in computing earnings and profits. We quote, with approval, from the reasoning of that opinion, as expressed by Justice Stewart (then Circuit Judge), as follows:

(at 738) "The Tax Court held that in determining the earnings and profits available for dividends the corporation's tax liabilities could not be considered, because the corporation kept its books on the cash basis. We are not convinced that the corporation's accounting method requires such a conclusion.

*"Whether a corporation keeps its accounts and makes its returns on the cash or accrual basis is a question generally relevant only in determining its own income and deductions as a taxpayer.* Section 41, Internal Revenue Code of 1939, 26 U.S. C.A. § 41; * * *. Moreover, when that is the determination to be made, the question of federal income taxes does not arise, whether the taxpayer is on the cash or accrual basis, because such taxes are generally not deductible. * * *" (Emphasis supplied.)

(at 740) "In the present case the petitioners knew that the corporation was properly chargeable with a ninety-five percent excess profits tax on the funds which they were diverting. They subsequently had to pay the money back to the corporation to enable it to meet its tax obligations. *Both common sense and realism require the conclusion that the corporate taxes attributable to the diverted income should be excluded from the corporation's earnings and profits under the circumstances of this case. We conclude that the earnings and profits available for dividends in each taxable year in issue should be reduced by the deficiencies determined against the corporation for that year."* (Emphasis supplied.)

In arriving at its opinion in Drybrough, the Sixth Circuit considered Alworth, but refused to follow it. Rather, it quoted with approval, 238 F.2d 735, 739, (6th Cir., 1956), the language and reasoning of the Board of Tax Appeals in Alworth, quoting 46 BTA 1045, 1047.

Subsequently, the Eighth Circuit considered a similar factual situation in Simon v. Commissioner of Internal Revenue, 248 F.2d 869 (8th Cir., 1957). That case involved a diversion of, and failure to report, $191,000 in black market meat operations by controlling stockholders. Simon did not refer to Commis-

sioner of Internal Revenue v. Alworth Trust, supra. Rather, the Eighth Circuit, in Simon, in 1957, cited the Sixth Circuit opinion in Drybrough and followed it.

In both Drybrough and Simon, supra, the taxpayers were embezzlers and black market operators who knew they were diverting corporate funds and who knew they were evading 95% wartime excess profits tax. In each case the taxpayers were allowed to accrue corporate tax, consisting of unpaid deficiencies, in determining how much of their illegal gains constituted taxable dividends.

■ In the instant case no wrongful intent on the part of the plaintiffs has been suggested. They paid the tax on these distributions and here seek a refund. Until Land Trust's income tax litigation was at an end and all audits and "final" determinations were concluded it was not possible to know what Land Trust's exact tax would be for each of the years 1949–1955. The practical solution was to accrue whatever tax was ultimately determined due. In short, we believe that the factual situation herein is stronger that either Drybrough or Simon and we are persuaded that the reasoning therein should be followed in the instant case. We believe that both reason and authority support the plaintiffs herein and their claims for refund should be considered by the District Court.

Finally, both the Internal Revenue Code of 1939 [1] and the Internal Revenue Code of 1954 [2] define "dividend" as:

"any distribution made by a corporation * * *

"(2) out of its earnings and profits of the taxable year (*computed as of* the close of the taxable year * * *)" (Emphasis supplied.)

■ These words must mean that all corporations, whether cash, accrual or hybrid, compute earnings and profits *as of one time*—the close of the taxable year. Such words imply accrual—"as of"

means tax relating to the year, and not tax incidentally paid during the year involved for some previous year or years.

The defendant, in its brief, contends that Drybrough is contrary to Commissioner v. South Texas Lumber Co., 333 U.S. 496 (1948), and thus was incorrectly decided. In affirming the reasonableness of some of the Treasury regulations involved in that case, the Supreme Court held that the corporation-taxpayer:

"generally cannot compute income taxes by reporting annual income on a cash basis and deductions on an accrual basis. Such a practice has been uniformly held inadmissible *because it results in a distorted picture which makes a tax return fail truly to reflect net income.*" (Emphasis supplied.)

Thus, South Texas Lumber Company pertained to the *computation of the corporate income taxes,* which is not here involved. This case deals only with the *computation of earnings and profits.*

It should be noted that in an identical Ohio case, brought by another beneficiary of this same Schofield Land Trust, and on identical Motions for Summary Judgment, the Ohio District Court resolved this same question of law in favor of the Ohio plaintiffs, an exactly opposite result from that reached by the Court below herein. See Thompson v. United States, 214 F.Supp. 97 (D.C.N.D.Ohio, 1962). We agree with the conclusion of the District Court in Thompson when it held:

"The inescapable conclusion is that it makes no difference whether the corporation was on a cash or an accrual basis. Whatever accounting basis is used, the beneficiaries will be allowed to accrue corporate taxes back against corporate income, with the result that part of the dividends they received were a return of capital."

The parties have agreed that if the order of the District Court is reversed,

---

1. Sec. 115(a), 26 U.S.C.A. § 115(a), 1955 Ed.

2. Sec. 316, 26 U.S.C.A. § 316.

certain factual issues remain to be resolved in the Trial Court. The order of the Trial Court is reversed and the cause is remanded for further proceedings in accordance with this opinion.

Order reversed and cause remanded with directions.